**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:26-cv-25321-KMM**

WILL ROSENZWEIG,
*Plaintiff,*
v.

TODD BLANCHE, *et al.*

*Defendants.*

## JOINT RULE 26(f) CONFERENCE REPORT

Counsel for Plaintiff Will Rosenzweig and counsel for Defendants Todd Blanche, in his official capacity, Department of Justice, Jason A. Reding Quinones, in his official capacity, and Office of Personnel Management, respectfully provide this joint report following their Rule 26(f) conference in accord with Federal Rule of Civil Procedure 26(f), Local Rule 16.1, and this Court's Order at Docket Entry ("DE") 5. The parties provide their respective positions on the Rule 26(f) and L.R. 16.1 items below.

### I. Overview of the legal and factual issues

**Plaintiff's position statement**:

Mr. Rosenzweig brings this lawsuit alleging that Defendants summarily fired him from his position as a career AUSA in the Southern District of Florida based on protected speech he made years before entering federal service. Discovery will show—and it cannot seriously be contested—that he was an outstanding, five-year career prosecutor with no record of misconduct or performance issues. Complaint ¶¶ 17-20. At the time of his firing, he was serving as lead trial counsel in the prosecution of a multi-year, multi-defendant Medicare fraud prosecution involving millions of dollars in losses that was scheduled for jury selection within two weeks of his firing. Id. ¶¶ 27-29. Then, a political commentator with no known connection to Mr. Rosenzweig or this District publicized his old blog posts and demanded his firing,

claiming he was "using government power to wage LAWFARE against MAGA patriots." *Id.* ¶¶ 4, 37. Less than three hours after this post, Attorney General Bondi—who was "tagged" in the commentator's post and who appears to "follow" the commentator on her personal account—signed a memorandum removing him immediately under "Article II of the United States Constitution and the laws of the United States," without identifying cause or providing the procedures required by the Civil Service Reform Act ("CSRA"). *Id.* ¶¶ 40, 44, 45, 90. The causes of action include a First Amendment retaliation claim, a separation-of-powers claim challenging the asserted Article II removal authority, a Privacy Act claim based on DOJ's alleged collection and use of records concerning his protected political speech, a Fifth Amendment claim based on property interest, and Administrative Procedure Act (ultra vires) claim based on Defendants' failure to follow the CSRA.

Based on the parties' conversation at the joint conference, this case appears poised to follow a similar trajectory as other recent "Article II" firing cases currently being litigated. For example, in *Comey v. Department of Justice*, 1:25-cv-7625-JMF (S.D.N.Y.), federal prosecutor Maurene Comey was fired without cause, notice, or an opportunity to respond, in contravention of statutory removal protections. Relatedly, in *Comans v. Executive Office of the President*, 1:25-cv-1237-MSN (E.D. Va.), a FEMA official was fired in a similar manner. In both instances, the government raised jurisdictional challenges that were denied by the district court. *Comans*, 2026 WL 1132803 (E.D. Va. Apr. 15, 2026); *Comey*, 2026 WL 1142679 (S.D.N.Y. Apr. 28, 2026). The cases then proceeded to partial summary judgment (*Comans*) or judgment on the pleadings (*Comey*) without significant discovery. In *Comans*, the district court found for the plaintiff. *Comans,* 2026 WL 2100037 (E.D. Va. July 21, 2026). The district court also found for the plaintiff in *Comey*. *Comey,* 2026 WL 3203254 (S.D.N.Y. Oct. 26, 2026).

Assuming the case proceeds along the same path, the first major dispute will likely be jurisdiction and CSRA channeling. If the court follows *Comey*, *Comans*, and other Article II-based channeling decisions and retains jurisdiction, the litigation can be expected to divide between predominantly legal

claims (due process, separation of powers) and motive-based factual claims (First Amendment, Privacy Act). Discovery could likely be limited for the former, but would be necessary for the latter. Specifically, as to the First Amendment claims, discovery would reveal who first initiated the firing and why, what communications occurred among DOJ leadership and SDFL (*see, e.g.*, Complaint ¶ 48), what records of Mr. Rosenzweig's blog posts and perceived political views were created or transmitted, and whether those records were actually used in the removal decision. The complaint specifically alleges that such communications and electronic records should exist and that DOJ collected and used those materials as the basis for the adverse personnel action. Complaint ¶ 49.

**Defendants' position statement**:

Plaintiff Will Rosenzweig brings this action to challenge his termination as an Assistant U.S. Attorney alleging he was terminated in violation of the U.S. Constitution, the Privacy Act, and the Administrative Procedure Act. Defendants contend the Court should stay discovery in this matter until it resolves Defendants' forthcoming motion to dismiss for lack of subject matter jurisdiction—presently due on November 16, 2026—which will argue that Rosenzweig should be required to present his claims before the Merit Systems Protection Board (MSPB). *See, e.g.*, *Hardy v. Hamburg*, 69 F. Supp. 3d 1, 16, 17 (D.D.C. 2014) ("The plaintiffs cannot bypass the CSRA by merely recasting prohibited personnel actions that fall under the CSRA as constitutional violations such that they fall outside the reach of the CSRA. . . . [the] 'CSRA precludes district court jurisdiction over ... claims even though they are constitutional claims for equitable relief'") (*quoting Elgin v. Dep't of Treasury*, 567 U.S. 1, 8 (2012)).

## II. Likelihood of Settlement

A settlement between Plaintiff and Defendants appears unlikely at present.

## III. Likelihood of Appearance of Additional Parties

**Plaintiff's position**: Plaintiff does not anticipate an appearance of additional parties.

Should discovery reveal evidence of additional causes of action or culpable actors, Plaintiff would assess those circumstances at that time.

**Defendants' position**: Defendants do not anticipate appearance of additional parties.

## IV. Proposed Time Limits

**Plaintiff's position**: The parties have agreed on, and the Court has approved, the following timeline for dispositive motions:

| | |
|---|---|
| Defendants' response to the Complaint: | November 16, 2026 |
| Plaintiff's response (if required): | December 21, 2026 |
| Defendants' reply: | January 8, 2027 |

As to the balance of relevant case deadlines, Defendants have indicated that they intend to move for a stay of all discovery and case-related deadlines pending the outcome of the Court's jurisdictional decision. Under Local Rule 16.1(a)(2), Plaintiff's position is that this case should proceed along an expedited case management track.

Under Local Rule 16.1(a)(3), the balance of factors weigh in favor of assigning the case on an expedited track. First, the allegations—while shocking—are not particularly complex. The most relevant time period at issue spans approximately a week, running from Mr. Rosenzweig's last few working days up through his summary dismissal. Another time period includes a subsequent meeting in January 2026 -- where United States Attorney Jason A. Reding Quiñones reportedly stated that Mr. Rosenzweig's firing was caused by the unearthing of Mr. Rosensweig's old blog posts by the defense counsel from his healthcare trial, which "forced" Defendants' hands in firing him -- will also be relevant, but that, too, is a finite event. Complaint ¶ 80. Second, there are essentially two parties: Mr. Rosenzweig and the government. Third, at this time, there is no expectation for a need for expert witnesses, assuming all electronic evidence has been properly preserved by the government. Fourth, as described above, discovery will be limited to a discrete time period and could be avoided entirely on certain claims. Fifth, while the

government is in the best position to describe whether there will be any issues with preserved evidence, Mr. Rosenzweig anticipates his disclosures can be easily prepared. Thus, the time estimated for discovery and trial will be relatively limited.

Assuming an expedited case management plan, Plaintiff proposes the following deadlines:

| **Action or Event** | **Date** |
|---|---|
| Deadline for parties to exchange their respective initial disclosures | Nov. 30, 2026 |
| Close of fact discovery | February 26, 2027, or 90 days after entry of order, whichever is later |
| Deadline for the parties' exchange of opening expert reports | Unnecessary at this time |
| Deadline for the exchange of rebuttal expert reports | Unnecessary at this time |
| Close of expert discovery | Unnecessary at this time |
| Deadline to move for summary judgment | March 30, 2027 |
| Deadline to file *Daubert* motions | Unnecessary at this time |
| Date of the final pretrial conference | April 30, 2027 |
| Trial date | May 2027 trial calendar |

**Defendants' position:** Defendants respectfully request the Court to stay discovery pending a ruling on their anticipated motion to dismiss for lack of subject matter jurisdiction. In the alternative, Defendants propose a standard case management track. A standard case management track is warranted due to the nature and number of witnesses Plaintiff has identified, which include U.S. Attorney Jason Reding Quiñones, Attorney General Todd Blanche, Former Attorney General Pamela Bondi, Former DOJ Attorney Edward Martin, Acting Deputy Assistant Attorney General Hayden O'Byrne, First Assistant U.S. Attorney Yara Klukas, Human Resources Officer Cynthia Hampton, Natalie Winters, Laura Loomer, Jayne Claire Weintraub, Jonathan Etra, and David Tarras. Plaintiff's identification of high-ranking and former high-ranking officials within the U.S. Department of Justice will require consideration of whether discovery should be permitted from the witness[1] and potential claims of executive privilege. Given the scope and nature of the potential information Plaintiff seeks in discovery, this case should proceed at a standard case management track in the event discovery is not stayed.

| Action or Event | Date |
|---|---|
| Deadline for parties to exchange their respective initial disclosures | Nov. 30, 2026 |
| Deadline to join other parties and amend the pleadings | December 30, 2026 |
| Deadline for disclosure of Plaintiff's expert reports | April 28, 2027 |
| Deadline for disclosure of Defendants' expert reports | May 28, 2027 |

[1] *See Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015) ("Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'")

| | |
|---|---|
| Deadline for disclosure of Plaintiff's rebuttal expert reports | June 28, 2027 |
| Close of discovery | July 26, 2027 |
| Certification of administrative record | August 26, 2027 |
| Deadline to move for summary judgment | September 27, 2027 |
| Deadline to file *Daubert* motions | September 27, 2027 |
| Date of the final pretrial conference | April 28, 2028 |
| Trial date | May 2028 trial calendar |

## V. Proposals for the Simplification of Issues

**Plaintiff's position**: As referenced above, if this case follows a similar trajectory as the *Comey* or *Comans* cases, there may be an opportunity to move for judgment without discovery on Counts Two (separation of powers), Four (Fifth Amendment), and Five (Administrative Procedure Act/Ultra Vires). Relatedly, Plaintiff expects that this case can proceed without expert discovery, provided that no expert is required to explain missing or destroyed government records or electronic evidence.

**Defendants' position**: Defendants submit this case should be dismissed for lack of subject matter jurisdiction because Plaintiff's claims must be channeled through the MSPB.

## VI. The Necessity or Desirability of Amendments to Pleadings

**Plaintiff's position**:

Plaintiff does not presently anticipate amending the pleadings. Should discovery reveal that other actors bear culpability or liability, Plaintiff will reassess whether amendment to these pleadings or a separate civil suit is warranted.

**Defendants' position:**

Defendants contend the Court should stay discovery in this matter until it resolves Defendants' anticipated motion to dismiss for lack of subject matter jurisdiction—presently due on November 16, 2026—which will argue that Rosenzweig should be required to present his claims before the MSPB. Because Defendants have not filed an answer, Defendants do not anticipate amendment of the pleadings at this time.

## VII. Possibility of Obtaining Admissions of Fact and Documents

The parties will cooperate in good faith to attempt reaching stipulations as to facts and the authenticity of documents.

## VIII. Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence

The parties do not presently have "suggestions for the avoidance of unnecessary proof and of cumulative evidence." The parties will cooperate in good faith as this litigation progresses to identify methods for the avoidance of unnecessary proof and of cumulative evidence.

## IX. Referral to a Magistrate Judge

**Plaintiff's position**: Plaintiff consents to the referral to a magistrate judge.

**Defendants' position:** Defendants consent to the referral of discovery matters to a magistrate judge.

## X. Pretrial and Trial

**Plaintiff's position**: This matter qualifies for the "expedited" case management track under Local Rule 16.1(a)(2)(A). Accordingly, Plaintiff requests a final pretrial conference on April 30, 2027, and a setting on the May 2027 trial calendar. Plaintiff anticipates that his presentation of evidence will require approximately three trial days.

**Defendants' position:** This matter qualifies for the standard-track case management track

under Local Rule 16.1(a)(2)(B). Accordingly, Defendants request a final pretrial conference on April 28, 2028, and a setting on the May 2028 trial calendar. Defendants anticipate their presentation of evidence will require approximately one to two trial days.

**XI. ESI**

Plaintiff's position is that the Court should include the following language in its order:

The parties shall preserve all documents, electronically stored information ("ESI"), and tangible things relevant to the claims and defenses in this action, including communications, text and messaging-application records, and social-media and other records concerning Plaintiff's removal. Unless the parties agree otherwise in writing, ESI shall be produced in text-searchable format with reasonably available metadata, and spreadsheets, audio, and video files shall be produced in native format.

Defendants' position is that it is premature to address this issue. Should discovery proceed, Defendants' submit discovery, including discovery of ESI, should be governed under the stated provisions of the Federal Rules of Civil Procedures and this Court's Local Rules.

**XII. Claims of Privilege and Protection of Trial-Preparation Material**

Plaintiff's position that the Court should include the following language in its order:

Pursuant to Federal Rule of Evidence 502(d), the production of a document or ESI protectedby the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, whether inadvertent or otherwise, does not waive that privilege or protection in this action or in any other federal or state proceeding. Upon written notice from the producing party identifying the material, the receiving party shall promptly return, sequester, or destroy it and any copies, consistent with Federal Rule of Civil Procedure 26(b)(5)(B). A party withholding material on a claim of privilege or protection shall serve a privilege log within 30 days after the production from which the material was withheld.

Defendants' position is that it is premature to address this issue. Should discovery proceed, Defendants' submit discovery, including discovery of ESI, should be governed under the stated provisions of the Federal Rules of Civil Procedures and this Court's Local Rules.

Respectfully submitted on October 29, 2026.

*/s/ Margaret M. Donovan*
Margaret M. Donovan
(*pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com

*/s/ Daniel Fridman*
Daniel Fridman
Fla. Bar No. 176478
Adam S. Fels
Fla. Bar No. 114917
FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, FL 33134
Tel: (305) 569-7701
daniel.fridman@ffslawfirm.com
afels@ffslawfirm.com

*Attorneys for Plaintiff Will Rosenzweig*

GREGORY W. KEHOE
United States Attorney

*By: /s/ Chad C. Spraker*
CHAD C. SPRAKER
Special Attorney
USA No. 198
2110 First Street, Ste. 3-137
Fort Myers, Florida 33901
Telephone: 239-461-2200
Fax: 239-461-2219
Email: chad.spraker@usdoj.gov

Counsel for the Defendants
Acting Under Authority Conferred by 28 U.S.C. § 515

**CERTIFICATE OF SERVICE**

I certify that I filed this paper on October 29, 2026 through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

*/s/ Adam Fels*