UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No. 1:26-cv-25321-MOORE/LETT

WILL ROSENZWEIG,

Plaintiff,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice et al.,

Defendants.
_____________________________________/

**MOTION TO STAY DISCOVERY**

Plaintiff Will Rosenzweig challenges his termination as an Assistant U.S. Attorney alleging he was dismissed in violation of the U.S. Constitution, the Privacy Act, and the Administrative Procedure Act (APA). The Court should stay discovery in this matter until it resolves Defendants' forthcoming motion to dismiss for lack of subject matter jurisdiction and failure to state a claim—presently due on November 16, 2026—which will argue that Rosenzweig's claims are precluded by the channeling provisions of the Civil Service Reform Act of 1978.

District courts possess "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in

managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). To prevail on a motion to stay, a defendant must demonstrate reasonableness and good cause. *Chevaldina v. Katz*, 17-22225-CIV, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017). "[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Id.* (*quoting Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)).

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). That said, the Eleventh Circuit has "repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid 'a massive waste of judicial and private resources'" when exercising that discretion. *Id.* (*quoting Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir.1998)); *see also Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (*quoting Perez*, 297 F.3d at 1263). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas*, 676 F. App'x at 932. "Indeed, motions to dismiss should, ideally, 'be resolved before discovery begins.'" *Id.* (*quoting Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). "[C]ommon situations warranting a stay pending a ruling on dispositive motions include when the dispositive motions raise issues of jurisdiction, venue, or immunity." *Ministerio Roca Solida v. U.S. Dep't of Fish and Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013).

"In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Taylor v. Serv. Corp. Int'l*, 20-CIV-

60709, 2020 WL 6118779, at *1 (S.D. Fla. Oct. 16, 2020). To weigh this balance, a court must take a "preliminary peek" at the merits of the pending motion to dismiss to see if it "appears to be clearly meritorious and truly case dispositive." *Gillier v. Servicios Agecom, LLC*, CV 17-23155-CIV, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017) (*quoting McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). "[S]o long as a stay is neither 'immoderate' nor indefinite, a stay is appropriate in the interest of judicial convenience." *Id.* (*quoting Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000)).

The Eleventh Circuit has observed that facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This is because a motion to dismiss for failure to state a claim presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. *Id. (*citing *Mitchell v. Duval County Sch. Bd.*, 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam)). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.* (citing *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir.1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim"); *see also Belik v. Carlson Travel Group, Inc.*, 864 F.Supp.2d 1302, 1314 (S.D. Fla. 2011) (Altonaga, J.) ("Plaintiff's attempt to reverse the logical sequence in litigation—claim first, discovery later—is unavailing"). "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Chudasama,* 123 F.3d at 1368.

Defendants recognize the Eleventh Circuit's decision in *Chudasama* did not create an absolute rule that discovery is improper while a 12(b)(6) motion is pending. But a stay of discovery is appropriate where the movant shows "good cause and reasonableness." *See, e.g., Varga v. Palm Beach Capital Management, LLC*, No. 09-82398-CIV, 2010 WL 8510622 (S.D. Fla. Sept. 3, 2010) (Moreno, J.) (citation omitted).

In the present case, there are also substantial, as opposed to hypothetical, present burdens associated with discovery even at this action's initial stage. On November 6, 2026, Plaintiff served the following on counsel for Defendants:

- 29 Interrogatories:
  - Todd Blanche, Attorney General (5)
  - U.S. Department of Justice (14)
  - U.S. Office of Personnel Management (10)
  - Jason A. Reding Quiñones, Former U.S. Attorney for the Southern District of Florida (5)
- 72 Requests for Production
  - Todd Blanche, Attorney General (10)
  - U.S. Department of Justice (39)
  - U.S. Office of Personnel Management (10)
  - Jason A. Reding Quiñones, Former U.S. Attorney for the Southern District of Florida (13)
- 7 Notices of Deposition
  - Cynthia Hampton, Human Resources Officer
  - Hayden O'Byrne, Former U.S. Attorney for the Southern District of Florida

- Rule 30(b)(6) deposition U.S. Office of Personnel Management
- Jason A. Reding Quiñones, Former U.S. Attorney for the Southern District of Florida
- Rule 30(b)(6) deposition of U.S. Department of Justice
- Yara Klukas, First Assistant United States Attorney
- Todd Blanche, U.S. Attorney General

*See* Combined Discovery Requests, Exhibit 1. Given Plaintiff's extraordinarily large and broad range of discovery requests, allowing discovery to proceed at this juncture while a meritorious motion to dismiss is pending would result in the very waste of judicial and private resources the Eleventh Circuit has warned against.

The present case bears many similarities to *Comey v. U.S. Department of Justice*, 1:25-cv-07625-JMF (S.D.N.Y.) in which the plaintiff alleged she was wrongfully terminated as an Assistant U.S. Attorney when Article II was cited as the basis for termination. *Comey v. United States Dep't of Just.*, No. 25-CV-7625 (JMF), 2026 WL 3203254, at *1 (S.D.N.Y. Oct. 26, 2026). In a hearing on Defendants' request to stay discovery, the Court recognized the parties' dispute whether the proper forum for the plaintiff's case was the U.S. Merit Systems Protection Board (MSPB) from which she could seek relief in the U.S. Court of Appeals for the Federal Circuit. Dec. 5, 2025, Tr., *Comey v. U.S. Department of Justice*, 1:25-cv-07625-JMF, Doc. 34 at 3:15-20 (S.D.N.Y.). In its written order following the hearing, the Court concluded that "it would be inappropriate to authorize discovery — let alone adjudicate the thorny disputes (over matters such as executive privilege) that would likely arise in the event that discovery is authorized — until the Court confirms that it has subject-matter jurisdiction, except if such discovery is relevant to the jurisdictional question itself." Dec. 5, 2025, Order, *Comey v. U.S. Department of Justice*, 1:25-

cv-07625-JMF, Doc. 30 at 2 (S.D.N.Y.). Indeed, the Supreme Court has emphasized, "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) ("Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case.") (cleaned up).

As will be discussed further in Defendants' motion to dismiss, a plaintiff such as Rosenzweig who alleges a prohibited personnel practice must first bring his claim to the MSPB. 5 U.S.C. § 7701. In fact, Rosenzweig already invoked that process. As acknowledged in his complaint, Rosenzweig filed an appeal with the MSPB challenging his termination, Doc. 1 at 39 n.41, which was dismissed without prejudice subject to automatic filing by the MSPB in or around February 5, 2027.[1] *Rosenzweig, Will v. Dep't of Just.*, No. AT-0752-26-0001-I-1, 2026 WL 2334432 (M.S.P.B. Aug. 5, 2026).

The MSPB is the appropriate forum to determine whether, as Rosenzweig claims, his removal was a prohibited personnel action. To the extent the circumstances of his removal may raise constitutional questions, that does not confer the right to proceed directly to district court. Instead, Rosenzweig may appeal constitutional questions to the United States Court of Appeals for the Federal Circuit. *See also Elgin v. Dep't of Treasury*, 567 U.S. 1, 13 (2012) ("Nothing in the CSRA's text suggests that its exclusive review scheme is inapplicable simply because a covered employee challenges a covered action on the ground that the statute authorizing that action is

[1] The MSPB dismissed the case while the U.S. Court of Appeals for the Federal Circuit considers whether Article II of the Constitution authorizes the removal of an individual otherwise entitled to the protections of the Civil Service Reform Act (CSRA) without adherence to the procedures prescribed by statute. *Rosenzweig, Will v. Dep't of Just.*, No. AT-0752-26-0001-I-1, 2026 WL 2334432 (M.S.P.B. Aug. 5, 2026).

unconstitutional."); *Ivey v. Paulson*, 222 F. App'x 815, 820 (11th Cir. 2007) ("Constitutional claims by federal employees are ordinarily preempted by the Act and must be addressed through the administrative procedures the CSRA establishes."); *Hightower v. United States,* 205 F.Supp.2d 146, 156 (S.D.N.Y. 2002) ("An employee's 'employment related claims alleging constitutional violations are "prohibited personnel actions" within the meaning of the CSRA.'") (*quoting Black v. Reno,* No. 99 Civ. 2704, 2000 WL 37991, at *8 (S.D.N.Y. Jan. 18, 2000)); *Hardy v. Hamburg*, 69 F. Supp. 3d 1, 16, 17 (D.D.C. 2014) ("The plaintiffs cannot bypass the CSRA by merely recasting prohibited personnel actions that fall under the CSRA as constitutional violations such that they fall outside the reach of the CSRA. . . . [T]he 'CSRA precludes district court jurisdiction over . . . claims even though they are constitutional claims for equitable relief . . . .'") (*quoting Elgin*, 567 U.S. at 8).

To the extent Rosenzweig argues that his Privacy Act claim should permit him to engage in discovery, his contention should be rejected. Courts have concluded that the Privacy Act does not confer jurisdiction on the district courts to review personnel decisions that are precluded from judicial review under the Civil Service Reform Act. *See Goodman v. Lutnick*, No. 8:25-CV-02097-LKG, 2026 WL 2858591, at *8 (D. Md. Sept. 23, 2026) (collecting cases); *Houlihan v. Off. of Pers. Mgmt.*, 909 F.2d 383, 385 (9th Cir. 1990) (holding that a district court correctly refused to permit a plaintiff to proceed with a Privacy Act claim when it would have required the court to review the agency's adverse employment decision).

Finally, Rosenzweig's inclusion of a claim under the Administrative Procedure Act (APA) does not provide an avenue to conduct discovery, as APA claims are evaluated upon an administrative record. *See* 5 U.S.C. § 706. Even more critically, the Civil Service Reform Act precludes any judicial consideration of non-constitutional Administrative Procedure Act claims

based on agency personnel actions. *Lee v. Geren*, 480 F. Supp. 2d 198, 206 n.2 (D.D.C. 2007); *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009) ("Federal employees may not circumvent the Act's requirements and limitations by resorting to the catchall APA to challenge agency employment actions.").

## CONCLUSION

Defendants respectfully request the Court to stay discovery until the Court rules on Defendants' forthcoming motion to dismiss.

## Local Rule 7.1(a)(3) Certification

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

DATED this 12th day of November, 2026.

Respectfully submitted,

**GREGORY W. KEHOE**
United States Attorney for the Middle District of Florida

By: */s/ Chad C. Spraker*
CHAD C. SPRAKER
Special Attorney
USA No. 198
2110 First Street, Ste. 3-137
Fort Myers, Florida 33901
Telephone: 239-461-2200
Fax: 239-461-2219
Email: chad.spraker@usdoj.gov
*Acting Under Authority Conferred by 28 U.S.C. § 515*

/s/ *Jonathan M. Weirich*
Jonathan M. Weirich
Special Attorney
Florida Bar No. 118961
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone No.: (239) 461-2238
Email: Jonathan.weirich@usdoj.gov
*Counsel for the Defendants*
*Acting Under Authority Conferred*
*by 28 U.S.C. § 515*