**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST INTERROGATORIES**
**TO DEFENDANT ATTORNEY GENERAL TODD BLANCHE**

Under Federal Rule of Civil Procedure 33, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant Attorney General TODD BLANCHE ("Mr. Blanche") to answer each interrogatory below separately and fully, in writing and under oath, to the extent it is not objected to (Fed. R. Civ. P. 33(b)(3)). Serve the answers and any objections within 30 days after service, unless a stipulation under Rule 29 or a court order sets a different time (Fed. R. Civ. P. 33(b)(2)). The definitions and instructions below apply.

**DEFINITIONS**

1. "You" and "Your" mean Mr. Blanche.

Ex. 1

2. “Document” has the full meaning of “documents or electronically stored information” in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. “Communication” means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. “AI Material” means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. “Concerning” means relating to, referring to, reflecting, or constituting.

6. “Person” means any individual or entity.

7. “Identify,” for a person, means to state the person’s full name, employer and title, and business address and telephone number. For an entity, it means its full name and principal place of business. For a Document, it means its type, date, author, recipients, and subject, or its Bates number. For a Communication, it means its date, participants, method, and general subject.

8. “Relevant Period” means September 1, 2025 through the date of Your response.

9. “DOJ” means the United States Department of Justice.

10. “Removal” means the termination of Mr. Rosenzweig’s employment as an Assistant United States Attorney on September 23, 2025.

11. “Removal Memorandum” means the memorandum dated September 23, 2025, and signed by then-Attorney General Pamela Bondi, that removed Mr. Rosenzweig from federal service.

12. “Removal Email” means the September 23, 2025 email from F. Michael Sena that sent the Removal Memorandum to Mr. Rosenzweig.

13. “Rosenzweig Writings” means the blog “Hosts of Error” that Mr. Rosenzweig published from 2016 to about January 2019, and his August 29, 2016 opinion piece in The Hill.

14. “Winters Posts” means the posts and replies Natalie Winters published on X about Mr. Rosenzweig from September 23 through September 30, 2025, including those since deleted.

15. “Loomer Post” means the post Laura Loomer published on X at about 7:53 a.m. on September 24, 2025, about Mr. Rosenzweig’s firing.

16. “Commentators” means Natalie Winters, Laura Loomer, and anyone acting for either of them.

## INSTRUCTIONS

1. Unless an interrogatory says otherwise, it concerns events during the Relevant Period.

2. Answer each interrogatory separately and fully, in writing and under oath, to the extent You do not object to it (Fed. R. Civ. P. 33(b)(3)). The person who makes the answers must sign them, and the attorney who objects must sign any objections (Fed. R. Civ. P. 33(b)(5)).

3. Quote each interrogatory, then give the answer or objection immediately after it. Do not leave part of an interrogatory unanswered because You object to another part (S.D. Fla. L.R. 26.1(e)(1)).

4. State the grounds for each objection with specificity. A ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure (Fed. R. Civ. P. 33(b)(4); S.D. Fla. L.R. 26.1(e)(2)(A)).

5. If You withhold anything as privileged or work product, comply with Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D), including service of a privilege log within the time Local Rule 26.1(e)(2)(D) provides.

6. If You answer by referring to business records under Federal Rule of Civil Procedure 33(d), specify the records in enough detail for Mr. Rosenzweig to locate and identify them as readily as You could, and make them available as S.D. Fla. Local Rule 26.1(e)(3) requires.

7. Supplement Your answers as Federal Rule of Civil Procedure 26(e) requires.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State when and how You first learned of the Rosenzweig Writings, the Winters Posts, or the Loomer Post, and Identify each Person from whom You learned of them.

**Answer**

**INTERROGATORY NO. 2:** Describe the part You played in the Removal, including each Communication You had about it before and after the Removal Email was sent.

**Answer**

**INTERROGATORY NO. 3:** Identify each Communication You had with the Commentators about Mr. Rosenzweig or the Removal.

**Answer**

**INTERROGATORY NO. 4:** Identify each personal device, personal account, or messaging application You used to communicate about Mr. Rosenzweig or the Removal.

**Answer**

**INTERROGATORY NO. 5:** Identify each Communication You had with any Person in the Executive Office of the President about Mr. Rosenzweig or the Removal.

**Answer**

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: *<u>/s/ Daniel Fridman</u>*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*<u>/s/ Daniel Fridman</u>*
Daniel Fridman

**<u>SERVICE LIST</u>**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**VERIFICATION**
**OF ANSWERS TO INTERROGATORIES**

I, TODD BLANCHE, have read the answers to Mr. Rosenzweig's First Interrogatories. I declare under penalty of perjury that the foregoing answers are true and correct.

Executed on ____________________.

______________________________
TODD BLANCHE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

_______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST INTERROGATORIES**
**TO DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE**

Under Federal Rule of Civil Procedure 33, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") to answer each interrogatory below separately and fully, in writing and under oath, to the extent it is not objected to (Fed. R. Civ. P. 33(b)(3)). Serve the answers and any objections within 30 days after service, unless a stipulation under Rule 29 or a court order sets a different time (Fed. R. Civ. P. 33(b)(2)). The definitions and instructions below apply.

**DEFINITIONS**

1. "You" and "Your" mean the DOJ and anyone acting on the DOJ's behalf, including all its components, such as the Office of the Attorney General, the Office of the

Deputy Attorney General, the Office of the Pardon Attorney, the Justice Management Division, the Executive Office for United States Attorneys, the Weaponization Working Group, and the United States Attorney's Office for the Southern District of Florida.

2. "Document" has the full meaning of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. "Communication" means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. "AI Material" means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. "Concerning" means relating to, referring to, reflecting, or constituting.

6. "Person" means any individual or entity.

7. "Identify," for a person, means to state the person's full name, employer and title, and business address and telephone number. For an entity, it means its full name and principal

place of business. For a Document, it means its type, date, author, recipients, and subject, or its Bates number. For a Communication, it means its date, participants, method, and general subject.

8. "Relevant Period" means September 1, 2025 through the date of Your response.

9. "Removal" means the termination of Mr. Rosenzweig's employment as an Assistant United States Attorney on September 23, 2025.

10. "Removal Memorandum" means the memorandum dated September 23, 2025, and signed by then-Attorney General Pamela Bondi, that removed Mr. Rosenzweig from federal service.

11. "Removal Email" means the September 23, 2025 email from F. Michael Sena that sent the Removal Memorandum to Mr. Rosenzweig.

12. "Rosenzweig Writings" means the blog "Hosts of Error" that Mr. Rosenzweig published from 2016 to about January 2019, and his August 29, 2016 opinion piece in The Hill.

13. "Winters Posts" means the posts and replies Natalie Winters published on X about Mr. Rosenzweig from September 23 through September 30, 2025, including those since deleted.

14. "Loomer Post" means the post Laura Loomer published on X at about 7:53 a.m. on September 24, 2025, about Mr. Rosenzweig's firing.

15. "Commentators" means Natalie Winters, Laura Loomer, and anyone acting for either of them.

16. "*Kochen* Case" means *United States v. Kochen*, No. 1:24-cr-20078 (S.D. Fla.).

17. "DOJ Official" means Edward Martin, Hayden O'Byrne, and each person who at any time during the Relevant Period served, including in an acting capacity, as Attorney General, Deputy Attorney General, Principal Associate Deputy Attorney General, chief of staff to the Attorney General or the Deputy Attorney General, Director or Deputy Director of the Executive

Office for United States Attorneys, Assistant Attorney General for Administration, Director of Human Resources in the Justice Management Division, or United States Attorney or First Assistant United States Attorney for the Southern District of Florida.

**INSTRUCTIONS**

1. Unless an interrogatory says otherwise, it concerns events during the Relevant Period.

2. Answer each interrogatory separately and fully, in writing and under oath, to the extent You do not object to it (Fed. R. Civ. P. 33(b)(3)). The person who makes the answers must sign them, and the attorney who objects must sign any objections (Fed. R. Civ. P. 33(b)(5)).

3. Quote each interrogatory, then give the answer or objection immediately after it. Do not leave part of an interrogatory unanswered because You object to another part (S.D. Fla. L.R. 26.1(e)(1)).

4. State the grounds for each objection with specificity. A ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure (Fed. R. Civ. P. 33(b)(4); S.D. Fla. L.R. 26.1(e)(2)(A)).

5. If You withhold anything as privileged or work product, comply with Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D), including service of a privilege log within the time Local Rule 26.1(e)(2)(D) provides.

6. If You answer by referring to business records under Federal Rule of Civil Procedure 33(d), specify the records in enough detail for Mr. Rosenzweig to locate and identify them as readily as You could, and make them available as S.D. Fla. Local Rule 26.1(e)(3) requires.

7. Answer through an officer or agent, who must furnish the information available to You (Fed. R. Civ. P. 33(b)(1)(B)).

8. Supplement Your answers as Federal Rule of Civil Procedure 26(e) requires.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each Person who took part in the decision to carry out the Removal, describe the part each Person played, and state who made the final decision.

**Answer**

**INTERROGATORY NO. 2: How the Rosenzweig Writings came to DOJ's attention**

Describe how the Rosenzweig Writings first came to the attention of any DOJ Official, stating

(a) the date;

(b) the DOJ Official who first learned of them; and

(c) the Person or source from which that DOJ Official learned of them.

**Answer**

**INTERROGATORY NO. 3:** Identify each Communication between any DOJ Official and any other DOJ Official and/or DOJ employee from September 1, 2025 through September 30, 2025 about Mr. Rosenzweig, the Winters Posts, the Loomer Posts, the Commentators, the Rosenzweig Writings, or the Removal.

**Answer**

**INTERROGATORY NO. 4:** Identify each Communication between any DOJ Official and the Commentators from September 1, 2025 through September 30, 2025 about Mr. Rosenzweig, the Rosenzweig Writings, or the Removal.

**Answer**

**INTERROGATORY NO. 5:** Identify each Communication between DOJ and any defendant in the *Kochen* Case, or that defendant's counsel, or individuals acting on behalf of that defendant or defendant's counsel, including but not limited to private investigators, about Mr. Rosenzweig or the Rosenzweig Writings.

**Answer**

**INTERROGATORY NO. 6:** State each reason for the Removal, and Identify each Document that reflects that reason.

**Answer**

**INTERROGATORY NO. 7:** Identify each Person who drafted, reviewed, or approved the Removal Memorandum or the Removal Email, and Identify each draft of either.

**Answer**

**INTERROGATORY NO. 8:** State each legal authority on which DOJ relied for the Removal at the time of the removal, and where such authority was cited or documented at the time of the removal.

**Answer**

**INTERROGATORY NO. 9:** Identify each record DOJ collected, created, printed, or kept about the Rosenzweig Writings, the Winters Posts, or the Loomer Post, and state where DOJ keeps it.

**Answer**

**INTERROGATORY NO. 10:** Identify each internet search, website visit, or printout made by a DOJ Official about Mr. Rosenzweig or the Rosenzweig Writings from September 1, 2025 through September 30, 2025.

**Answer**

**INTERROGATORY NO. 11:** State any law-enforcement purpose DOJ contends it had for keeping records about the Rosenzweig Writings.

**Answer**

**INTERROGATORY NO. 12:** Identify each DOJ Official who used a personal device, personal account, or messaging application such as Signal or WhatsApp to communicate about Mr. Rosenzweig or the Removal, and Identify the device, account, or application.

**Answer**

**INTERROGATORY NO. 13:** Describe each step DOJ took to preserve Documents and Communications about Mr. Rosenzweig or the Removal, including the date of each litigation hold and its recipients.

**Answer**

**INTERROGATORY NO. 14:** Identify each Person, other than Your counsel, who supplied information used to answer these interrogatories.

**Answer**

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: _/s/ Daniel Fridman_
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

_/s/ Daniel Fridman_
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**VERIFICATION**
**OF ANSWERS TO INTERROGATORIES**

I, [NAME], am an officer or agent authorized to answer for UNITED STATES DEPARTMENT OF JUSTICE, and I make these answers on its behalf. I have read the answers to Mr. Rosenzweig's First Interrogatories. I declare under penalty of perjury that the foregoing answers are true and correct.

Executed on ____________________.

________________________________
[NAME]
[CAPACITY], for UNITED STATES
DEPARTMENT OF JUSTICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST INTERROGATORIES**
**TO DEFENDANT OFFICE OF PERSONNEL MANAGEMENT**

Under Federal Rule of Civil Procedure 33, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant OFFICE OF PERSONNEL MANAGEMENT ("OPM") to answer each interrogatory below separately and fully, in writing and under oath, to the extent it is not objected to (Fed. R. Civ. P. 33(b)(3)). Serve the answers and any objections within 30 days after service, unless a stipulation under Rule 29 or a court order sets a different time (Fed. R. Civ. P. 33(b)(2)). The definitions and instructions below apply.

**DEFINITIONS**

1. "You" and "Your" mean OPM.

2. “Document” has the full meaning of “documents or electronically stored information” in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. “Communication” means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. “AI Material” means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. “Concerning” means relating to, referring to, reflecting, or constituting.

6. “Person” means any individual or entity.

7. “Identify,” for a person, means to state the person’s full name, employer and title, and business address and telephone number. For an entity, it means its full name and principal place of business. For a Document, it means its type, date, author, recipients, and subject, or its Bates number. For a Communication, it means its date, participants, method, and general subject.

8. “Relevant Period” means September 1, 2025 through the date of Your response.

9. “DOJ” means the United States Department of Justice.

10. “Removal” means the termination of Mr. Rosenzweig’s employment as an Assistant United States Attorney on September 23, 2025.

11. “SF-50” means the Standard Form 50, Notification of Personnel Action, that recorded the Removal.

**INSTRUCTIONS**

1. Unless an interrogatory says otherwise, it concerns events during the Relevant Period.

2. Answer each interrogatory separately and fully, in writing and under oath, to the extent You do not object to it (Fed. R. Civ. P. 33(b)(3)). The person who makes the answers must sign them, and the attorney who objects must sign any objections (Fed. R. Civ. P. 33(b)(5)).

3. Quote each interrogatory, then give the answer or objection immediately after it. Do not leave part of an interrogatory unanswered because You object to another part (S.D. Fla. L.R. 26.1(e)(1)).

4. State the grounds for each objection with specificity. A ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure (Fed. R. Civ. P. 33(b)(4); S.D. Fla. L.R. 26.1(e)(2)(A)).

5. If You withhold anything as privileged or work product, comply with Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D), including service of a privilege log within the time Local Rule 26.1(e)(2)(D) provides.

6. If You answer by referring to business records under Federal Rule of Civil Procedure 33(d), specify the records in enough detail for Mr. Rosenzweig to locate and identify them as readily as You could, and make them available as S.D. Fla. Local Rule 26.1(e)(3) requires.

7. Answer through an officer or agent, who must furnish the information available to You (Fed. R. Civ. P. 33(b)(1)(B)).

8. Supplement Your answers as Federal Rule of Civil Procedure 26(e) requires.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe the part OPM played, if any, in the Removal, including each Communication with DOJ about it.

**Answer**

**INTERROGATORY NO. 2:** Identify each Person who prepared, reviewed, or approved the SF-50.

**Answer**

**INTERROGATORY NO. 3:** State the source of the legal authority and the remarks entered in Sections 5-D and 45 of the SF-50.

**Answer**

**INTERROGATORY NO. 4:** Identify each guidance Document OPM issued to agencies from January 20, 2025 to the present on processing removals that cite Article II of the Constitution as the legal authority.

**Answer**

**INTERROGATORY NO. 5:** Identify each Person, other than Your counsel, who supplied information used to answer these interrogatories.

**Answer**

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: */s/ Daniel Fridman*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

## SERVICE LIST

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**VERIFICATION**
**OF ANSWERS TO INTERROGATORIES**

I, [NAME], am an officer or agent authorized to answer for OFFICE OF PERSONNEL MANAGEMENT, and I make these answers on its behalf. I have read the answers to Mr. Rosenzweig's First Interrogatories. I declare under penalty of perjury that the foregoing answers are true and correct.

Executed on ____________________.

________________________________
[NAME]
[CAPACITY], for OFFICE OF PERSONNEL MANAGEMENT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST INTERROGATORIES**
**TO DEFENDANT JASON A. REDING QUIÑONES**

Under Federal Rule of Civil Procedure 33, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant JASON A. REDING QUIÑONES ("Mr. Reding Quiñones") to answer each interrogatory below separately and fully, in writing and under oath, to the extent it is not objected to (Fed. R. Civ. P. 33(b)(3)). Serve the answers and any objections within 30 days after service, unless a stipulation under Rule 29 or a court order sets a different time (Fed. R. Civ. P. 33(b)(2)). The definitions and instructions below apply.

**DEFINITIONS**

1. "You" and "Your" mean Mr. Reding Quiñones.

2. “Document” has the full meaning of “documents or electronically stored information” in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. “Communication” means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. “AI Material” means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. “Concerning” means relating to, referring to, reflecting, or constituting.

6. “Person” means any individual or entity.

7. “Identify,” for a person, means to state the person’s full name, employer and title, and business address and telephone number. For an entity, it means its full name and principal place of business. For a Document, it means its type, date, author, recipients, and subject, or its Bates number. For a Communication, it means its date, participants, method, and general subject.

8. “Relevant Period” means September 1, 2025 through the date of Your response.

9. “DOJ” means the United States Department of Justice.

10. “Removal” means the termination of Mr. Rosenzweig’s employment as an Assistant United States Attorney on September 23, 2025.

11. “Rosenzweig Writings” means the blog “Hosts of Error” that Mr. Rosenzweig published from 2016 to about January 2019, and his August 29, 2016 opinion piece in The Hill.

12. “*Kochen* Case” means *United States v. Kochen,* No. 1:24-cr-20078 (S.D. Fla.).

13. “Winters Posts” means the posts and replies Natalie Winters published on X about Mr. Rosenzweig from September 23 through September 30, 2025, including those since deleted.

14. “Loomer Post” means the post Laura Loomer published on X at about 7:53 a.m. on September 24, 2025, about Mr. Rosenzweig’s firing.

15. “Commentators” means Natalie Winters, Laura Loomer, and anyone acting for either of them.

## INSTRUCTIONS

1. Unless an interrogatory says otherwise, it concerns events during the Relevant Period.

2. Answer each interrogatory separately and fully, in writing and under oath, to the extent You do not object to it (Fed. R. Civ. P. 33(b)(3)). The person who makes the answers must sign them, and the attorney who objects must sign any objections (Fed. R. Civ. P. 33(b)(5)).

3. Quote each interrogatory, then give the answer or objection immediately after it. Do not leave part of an interrogatory unanswered because You object to another part (S.D. Fla. L.R. 26.1(e)(1)).

4. State the grounds for each objection with specificity. A ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure (Fed. R. Civ. P. 33(b)(4); S.D. Fla. L.R. 26.1(e)(2)(A)).

5. If You withhold anything as privileged or work product, comply with Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D), including service of a privilege log within the time Local Rule 26.1(e)(2)(D) provides.

6. If You answer by referring to business records under Federal Rule of Civil Procedure 33(d), specify the records in enough detail for Mr. Rosenzweig to locate and identify them as readily as You could, and make them available as S.D. Fla. Local Rule 26.1(e)(3) requires.

7. Supplement Your answers as Federal Rule of Civil Procedure 26(e) requires.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State when and how You first learned of the Rosenzweig Writings, the Winters Posts, and/or the Loomer Post and Identify each Person from whom You learned of them.

**Answer**

**INTERROGATORY NO. 2:** Describe any part You, or anyone at the United States Attorney's Office for the Southern District of Florida, played in the Removal.

**Answer**

**INTERROGATORY NO. 3:** Identify each Communication You had with any defendant in the *Kochen* Case, or that defendant's counsel, or somebody acting on behalf of that defendant

or defendant's counsel, including but not limited to private investigators, about Mr. Rosenzweig or the Rosenzweig Writings.

**Answer**

**INTERROGATORY NO. 4:** Identify each personal device, personal account, or messaging application You used to communicate about Mr. Rosenzweig or the Removal.

**Answer**

**INTERROGATORY NO. 5**: Identify all individuals with whom You discussed the Rosenzweig removal and the content of those discussions, including but not limited to the discussions described in Paragraph 48 of the Complaint, and the meeting You held where You communicated information about the Removal to members of the United States Attorney's Office for the Southern District of Florida as described in Paragraph 80 of the Complaint.

**Answer**

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: *<u>/s/ Daniel Fridman</u>*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*<u>/s/ Daniel Fridman</u>*
Daniel Fridman

**<u>SERVICE LIST</u>**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**VERIFICATION**
**OF ANSWERS TO INTERROGATORIES**

I, JASON A. REDING QUIÑONES, have read the answers to Mr. Rosenzweig's First Interrogatories. I declare under penalty of perjury that the foregoing answers are true and correct.

Executed on ____________________.

________________________________
JASON A. REDING QUIÑONES

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST REQUEST FOR PRODUCTION**
**TO DEFENDANT ATTORNEY GENERAL TODD BLANCHE**

Under Federal Rule of Civil Procedure 34, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant TODD BLANCHE, the Attorney General of the United States Department of Justice ("the Attorney General"), to produce the documents described below within 30 days after service of this request. Produce them electronically to FRIDMAN FELS & SOTO, PLLC, or at its office at 150 Alhambra Circle, Suite 715, Coral Gables, Florida 33134. The definitions and instructions below apply.

## DEFINITIONS

1. "You" and "Your" mean the Attorney General and anyone acting on the Attorney General's behalf, including the Office of the Attorney General and the Office of the Deputy Attorney General.

2. "Document" has the full meaning of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. "Communication" means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. "AI Material" means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. "Concerning" means relating to, referring to, reflecting, or constituting.

6. "Person" means any individual or entity.

7. A request for a message includes the surrounding messages needed to understand it, including available replies, reactions, edits, attachments, and files shared as links.

8. "Relevant Period" means September 1, 2025 through the date of Your response.

9. "Removal" means the termination of Mr. Rosenzweig's employment as an Assistant United States Attorney on September 23, 2025.

10. "Rosenzweig Writings" means the blog "Hosts of Error" that Mr. Rosenzweig published from 2016 to about January 2019, and his August 29, 2016 opinion piece in The Hill.

11. "Winters Posts" means the posts and replies Natalie Winters published on X about Mr. Rosenzweig from September 23 through September 30, 2025, including those since deleted.

## INSTRUCTIONS

1. Unless a request says otherwise, it concerns events during the Relevant Period, including responsive Documents created before or after that period.

2. Produce responsive Documents in Your possession, custody, or control, including Documents You have the legal right to obtain on demand, such as those held by Your agents or affiliates or stored in its cloud and AI tool accounts.

3. Complete production by the time requested or another reasonable time stated in Your written response. If production will continue after Your response, state a definite completion date (Fed. R. Civ. P. 34(b)(2)(B)).

4. Produce Documents as they are kept in the usual course of business, or organized and labeled to match the requests (Fed. R. Civ. P. 34(b)(2)(E)(i)). If You do not produce them as they are kept in the usual course of business, identify the request each Document answers where practicable, and in either case explain generally how Your records are kept (S.D. Fla. L.R. 26.1(e)(5)).

5. State each objection with specificity, and say whether You are withholding anything because of it (Fed. R. Civ. P. 34(b)(2)(B)–(C); S.D. Fla. L.R. 26.1(e)(2)(A)). If You object to part of a request, say which part and produce the rest (Fed. R. Civ. P. 34(b)(2)(C)).

6. If You withhold anything as privileged or work product, serve a privilege log as Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D) require.

7. When You have produced, or made available, the last Documents You are not withholding under an objection, serve a Notice of Completion of Production (S.D. Fla. L.R. 26.1(e)(7)).

8. Supplement Your production as Federal Rule of Civil Procedure 26(e) requires.

## FORM OF PRODUCTION

Under Federal Rule of Civil Procedure 34(b)(1)(C), and unless a governing ESI order or agreement provides otherwise, produce electronically stored information in the form described in Appendix A, with a .DAT and .OPT load file for every volume. Produce each item with all existing, nonprivileged metadata, linked to that item, without stripping or changing it except as Appendix A provides. Produce messages with their metadata and their existing connections to replies, reactions, edits, attachments, and linked files intact. If Appendix A conflicts with this paragraph, Appendix A controls.

Contact Daniel Fridman at daniel.fridman@ffslawfirm.com with any questions about Appendix A. If You object to this form of production, state the form You intend to use (Fed. R. Civ. P. 34(b)(2)(D)).

## CUSTODIANS

Search the files of at least these custodians, along with any others likely to have responsive Documents:

1. Todd Blanche, Attorney General, formerly Deputy Attorney General

2. Pamela Bondi, former Attorney General

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1: Requests to DOJ**

Documents responsive to Requests 1 through 39 of Mr. Rosenzweig's First Request for Production to DOJ, served with these requests, that are in Your possession, custody, or control. You need not produce again a Document that DOJ produces in response to those requests.

**REQUEST FOR PRODUCTION NO. 2: Todd Blanche's personal devices and accounts**

Communications that You, Todd Blanche, sent or received on a personal device or through a personal account, including Signal, WhatsApp, iMessage, text message, X, or personal email, Concerning Mr. Rosenzweig, the Removal, the Rosenzweig Writings, or the Winters Posts, from September 1 through October 31, 2025.

**REQUEST FOR PRODUCTION NO. 3: Pamela Bondi's communications**

Communications of Pamela Bondi Concerning Mr. Rosenzweig, the Removal, the Rosenzweig Writings, or the Winters Posts, from September 1 through October 31, 2025, held by the Office of the Attorney General, including messages from a personal device or account she used for official business that the Office has collected or can obtain.

**REQUEST FOR PRODUCTION NO. 4: Personal or official X accounts**

Notifications, direct messages, and other Communications Concerning the Winters Posts received from September 23 through September 30, 2025, on any personal X or official account of Pamela Bondi or Todd Blanche.

**REQUEST FOR PRODUCTION NO. 5: The March 26, 2026 statement**

Documents sufficient to show the basis for Todd Blanche's statement on March 26, 2026 that "over 200" DOJ employees had left through resignations and terminations, including any list he or his staff relied on.

**REQUEST FOR PRODUCTION NO. 6:** Documents You intend to use at any hearing or trial in this case.

**REQUEST FOR PRODUCTION NO. 7:** Documents identified in Your initial disclosures.

**REQUEST FOR PRODUCTION NO. 8:** Documents referred to in Your answer or other pleadings, or that You relied on to answer any interrogatories served with these requests.

**REQUEST FOR PRODUCTION NO. 9:** Documents You obtain from any non-party, by subpoena or otherwise, Concerning the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 10:** Statements, declarations, or affidavits of any witness Concerning the claims or defenses in this case.

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: _/s/ Daniel Fridman_
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

_/s/ Daniel Fridman_
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

## APPENDIX A: LOAD FILE SPECIFICATIONS

1. **Load files.** Every volume includes a data file (.DAT) and an Opticon image file (.OPT). The .DAT is UTF-8, with field names in the first line, ¶ (U+00B6) between fields, þ (U+00FE) around values, and ® (U+00AE) for line breaks within a field. The .OPT is in the same sort order, marks the first page of each document, and gives image paths relative to the volume folder, as do the native and text links in the .DAT. The format is for import into Logikcull.

2. **Images.** Except for files produced natively, single-page, black-and-white Group IV TIFF images at 300 dpi, with color JPG images where color is needed to understand the document. Images show tracked changes, comments, speaker notes, and hidden rows, columns, and sheets.

3. **Bates numbers.** One prefix and fixed-width numbering for the whole case, never reused, on every page with any confidentiality label. Volumes are named in sequence.

4. **Native files.** Spreadsheets, presentations, audio, video, and any file that cannot be imaged legibly, in native format, each with a single-page placeholder image bearing its Bates number and the words "Produced in Native Format."

5. **Text.** One UTF-8 text file per document, named by its beginning Bates number, containing extracted text, or OCR text for documents without extractable text and for redacted documents.

6. **Families and custodians.** Parent-child relationships, such as emails and their attachments, kept intact, with embedded files extracted as attachments where reasonably practicable, and families produced together under consecutive Bates numbers. A family member withheld as privileged is replaced by a Bates-numbered placeholder that matches its privilege log entry. Family and custodian fields are populated in the original production, not added later by overlay. Each custodian name is unique, under 50 characters, and uses only letters, numbers, spaces, commas, periods, underscores, hyphens, straight double quotes, and parentheses. Multiple custodians are separated by semicolons.

7. **Deduplication.** Deduplication across custodians by MD5 hash, at the family level only, and only if the AllCustodians field lists every custodian who held a removed duplicate.

8. **Messages.** Text, chat, and collaboration messages in Relativity Short Message Format (RSMF), each with its own .DAT entry and with images, native files, and text, keeping each conversation with its participants, timestamps, reactions, edits, and attachments.

9. **Time zone.** Dates and times converted to Coordinated Universal Time (UTC), with the TimeZone field stating the original time zone, or that it is unknown.

10. **Redactions.** Redacted documents produced as images with OCR text. A file that must be redacted but cannot be imaged legibly is produced in redacted native form. Redacted information is removed from every version produced, including text, metadata, and hidden content, and no unredacted native of a redacted document is produced. Each redacted document is marked in the Redacted field.

11. **Exceptions.** Encrypted, corrupt, or unprocessable files are identified by Bates number with the reason. Passwords for produced files are sent separately.

12. **Paper.** Paper documents scanned to images, split into logical documents, with OCR text.

13. **Delivery.** Each volume as a single .zip file, not password-protected or split into parts, no larger than 50 GB, containing DATA, IMAGES, NATIVES, and TEXT folders, delivered by secure file transfer with a cover letter stating the Bates range.

Include these fields in the .DAT file, plus any other existing, nonprivileged metadata. Dates are MM/DD/YYYY and times are 24-hour HH:MM:SS, in separate fields.

| Field | Contents |
|---|---|
| BegBates | First Bates number of the document |
| EndBates | Last Bates number of the document |
| BegAttach | First Bates number of the family |
| EndAttach | Last Bates number of the family |
| Custodian | Person or source the document was collected from |
| AllCustodians | Every custodian who held the document or a duplicate |
| From | Sender |
| To | Recipients |
| CC | Copy recipients |
| BCC | Blind copy recipients |
| Subject | Email subject line |
| DateSent | Date sent |
| TimeSent | Time sent |
| DateReceived | Date received |
| TimeReceived | Time received |
| MessageID | Email message identifier |
| ThreadID | Email or message conversation identifier |
| FileName | Original file name |
| FileExtension | Original file extension |
| FilePath | Original folder path or location |
| Author | Author from file properties |
| DateCreated | Date the file was created |
| DateLastModified | Date the file was last modified |
| MD5Hash | MD5 hash value |
| NativeLink | Path to the native file in the production |
| TextLink | Path to the text file in the production |
| Confidentiality | Confidentiality designation, if any |
| Redacted | Yes or No |
| TimeZone | Original time zone, or “Unknown” |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST REQUEST FOR PRODUCTION**
**<u>TO DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE</u>**

Under Federal Rule of Civil Procedure 34, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") to produce the documents described below within 30 days after service of this request. Produce them electronically to FRIDMAN FELS & SOTO, PLLC, or at its office at 150 Alhambra Circle, Suite 715, Coral Gables, Florida 33134. The definitions and instructions below apply.

## <u>DEFINITIONS</u>

1. "You" and "Your" mean DOJ and anyone acting on DOJ's behalf, including all its components, such as the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Pardon Attorney, the Justice Management Division, the Executive

Office for United States Attorneys, the Weaponization Working Group, and the United States Attorney's Office for the Southern District of Florida.

2. "Document" has the full meaning of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. "Communication" means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. "AI Material" means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. "Concerning" means relating to, referring to, reflecting, or constituting.

6. "Person" means any individual or entity.

7. A request for a message includes the surrounding messages needed to understand it, including available replies, reactions, edits, attachments, and files shared as links.

8. "Relevant Period" means September 1, 2025 through the date of Your response.

9. "Removal" means the termination of Mr. Rosenzweig's employment as an Assistant United States Attorney on September 23, 2025.

10. "Removal Memorandum" means the memorandum titled "AG Memo – Rosenzweig Removal," dated September 23, 2025, and signed by then-Attorney General Pamela Bondi.

11. "Removal Email" means the September 23, 2025 email from F. Michael Sena that sent the Removal Memorandum to Mr. Rosenzweig.

12. "Rosenzweig Writings" means the blog "Hosts of Error" that Mr. Rosenzweig published from 2016 to about January 2019, and his August 29, 2016 opinion piece in The Hill.

13. "Winters Posts" means the posts and replies Natalie Winters published on X about Mr. Rosenzweig from September 23 through September 30, 2025, including those since deleted.

14. "Loomer Post" means the post Laura Loomer published on X at about 7:53 a.m. on September 24, 2025, about Mr. Rosenzweig's firing.

15. "Commentators" means Natalie Winters, Laura Loomer, and anyone acting for either of them.

16. "Kochen Case" means *United States v. Kochen*, No. 1:24-cr-20078-DPG (S.D. Fla.).

17. "DOJ Officials" means Edward Martin, Hayden O'Byrne, and each person who at any time during the Relevant Period served, including in an acting capacity, as Attorney General, Deputy Attorney General, Principal Associate Deputy Attorney General, chief of staff to the Attorney General or the Deputy Attorney General, Director, Deputy Director, or employee of the Executive Office for United States Attorneys, Assistant Attorney General for Administration,

Director of Human Resources in the Justice Management Division, or United States Attorney or First Assistant United States Attorney for the Southern District of Florida.

## INSTRUCTIONS

1. Unless a request says otherwise, it concerns events during the Relevant Period, including responsive Documents created before or after that period.

2. Produce responsive Documents in DOJ's possession, custody, or control, including Documents DOJ has the legal right to obtain on demand, such as those held by its agents or affiliates or stored in its cloud and AI tool accounts.

3. Complete production by the time requested or another reasonable time stated in Your written response. If production will continue after Your response, state a definite completion date (Fed. R. Civ. P. 34(b)(2)(B)).

4. Produce Documents as they are kept in the usual course of business, or organized and labeled to match the requests (Fed. R. Civ. P. 34(b)(2)(E)(i)). If You do not produce them as they are kept in the usual course of business, identify the request each Document answers where practicable, and in either case explain generally how Your records are kept (S.D. Fla. L.R. 26.1(e)(5)).

5. State each objection with specificity, and say whether You are withholding anything because of it (Fed. R. Civ. P. 34(b)(2)(B)–(C); S.D. Fla. L.R. 26.1(e)(2)(A)). If You object to part of a request, say which part and produce the rest (Fed. R. Civ. P. 34(b)(2)(C)).

6. If You withhold anything as privileged or work product, serve a privilege log as Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D) require.

7. When You have produced, or made available, the last Documents You are not withholding under an objection, serve a Notice of Completion of Production (S.D. Fla. L.R. 26.1(e)(7)).

8. Supplement Your production as Federal Rule of Civil Procedure 26(e) requires.

## FORM OF PRODUCTION

Under Federal Rule of Civil Procedure 34(b)(1)(C), and unless a governing ESI order or agreement provides otherwise, produce electronically stored information in the form described in Appendix A, with a .DAT and .OPT load file for every volume. Produce each item with all existing, nonprivileged metadata, linked to that item, without stripping or changing it except as Appendix A provides. Produce messages with their metadata and their existing connections to replies, reactions, edits, attachments, and linked files intact. If Appendix A conflicts with this paragraph, Appendix A controls.

Contact Daniel Fridman at daniel.fridman@ffslawfirm.com with any questions about Appendix A. If You object to this form of production, state the form You intend to use (Fed. R. Civ. P. 34(b)(2)(D)).

## CUSTODIANS

Search the files of at least these custodians, along with any others likely to have responsive Documents:

1. Pamela Bondi, former Attorney General
2. Todd Blanche, then Deputy Attorney General, now Attorney General
3. The Principal Associate Deputy Attorney General
4. The chief of staff to the Attorney General
5. The chief of staff to the Deputy Attorney General

6. Edward Martin, former Pardon Attorney and then Director of the Weaponization Working Group

7. Hayden O'Byrne, former United States Attorney for the Southern District of Florida

8. The Director and Deputy Director, and other employees of the Executive Office for United States Attorneys

9. The Assistant Attorney General for Administration

10. F. Michael Sena, Director of Human Resources, Justice Management Division

11. Valarie Mulcahy, Vu Nguyen, and Christine E. Gunning, Justice Management Division

12. Jason A. Reding Quiñones, United States Attorney for the Southern District of Florida

13. Yara Klukas, First Assistant United States Attorney

14. Cynthia Hampton, Human Resources Officer

15. Mr. Rosenzweig's supervisors at the U.S. Attorney's Office

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1: Removal Memorandum**

The Removal Memorandum and each draft or version of it, in native format with its metadata, and Documents showing who requested, prepared, edited, reviewed, approved, and signed it, and when.

**REQUEST FOR PRODUCTION NO. 2: Removal Email**

The Removal Email with its attachments and metadata, and Communications among F. Michael Sena, Valarie Mulcahy, Vu Nguyen, Christine E. Gunning, or other Justice Management Division personnel Concerning the Removal.

**REQUEST FOR PRODUCTION NO. 3: Shutting off access**

Documents showing when, and on whose instruction, Mr. Rosenzweig's access to DOJ email, systems, devices, and buildings was disabled on or after September 23, 2025, including:

(a) emails, tickets, and other requests sent to information-technology, telecommunications, or security personnel;

(b) system and device logs showing the time each account, phone, or credential was disabled; and

(c) Communications Concerning the return of his government phone, laptop, badge, parking access card, and personal belongings.

**REQUEST FOR PRODUCTION NO. 4: Communications about the Removal**

Communications among DOJ Officials, or between a DOJ Official and any other DOJ employee, Concerning Mr. Rosenzweig, the Removal, the Rosenzweig Writings, or the Winters Posts, from September 1 through present, including messages sent through Signal, WhatsApp, iMessage, text message, or X direct message, and messages sent or received on a personal device or account.

**REQUEST FOR PRODUCTION NO. 5: The September 23 discussion**

Documents reflecting any discussion on September 23, 2025, between the U.S. Attorney's Office for the Southern District of Florida and the Office of the Deputy Attorney

General Concerning Mr. Rosenzweig or the Rosenzweig Writings, including calendar entries, call logs, notes, and messages.

**REQUEST FOR PRODUCTION NO. 6: Records of the Rosenzweig Writings**

Each copy, printout, screenshot, link, excerpt, or summary of the Rosenzweig Writings or the Winters Posts that a DOJ employee created, received, saved, annotated, or forwarded, whenever created, and Documents showing who created it and to whom it was sent.

**REQUEST FOR PRODUCTION NO. 7: Characterizations of Mr. Rosenzweig's politics**

Documents that describe Mr. Rosenzweig's political views, political affiliation, associations, or speech, including any notation, label, or characterization such as "anti-Trump," whenever created.

**REQUEST FOR PRODUCTION NO. 8: Searches, browsing, and printing**

Documents sufficient to show internet searches for, or visits to, the Rosenzweig Writings, the Winters Posts, or Mr. Rosenzweig's LinkedIn profile, and the printing of any of them, by any DOJ Official from September 13 through September 24, 2025, including browser histories and printer logs.

**REQUEST FOR PRODUCTION NO. 9: Where the records were kept**

Documents sufficient to show each system, file, or location in which DOJ kept a record described in Request 6 or Request 7, and how that record is retrieved.

**REQUEST FOR PRODUCTION NO. 10: Communications with the Commentators**

Communications between any DOJ employee and either Commentator Concerning Mr. Rosenzweig, the Removal, or the *Kochen* Case, from September 1, 2025 through present,

including messages sent through Signal, WhatsApp, iMessage, text message, or X direct message, and messages sent or received on a personal device or account.

**REQUEST FOR PRODUCTION NO. 11: Disclosures outside the Executive Branch**

Communications between any DOJ Official and any Person outside the Executive Branch Concerning Mr. Rosenzweig or the Removal from September 15 through October 31, 2025, including Communications that were the source of the Loomer Post.

**REQUEST FOR PRODUCTION NO. 12: Communications with the White House**

Communications between any DOJ Official and the President, the Vice President, or any member of the staff of the Executive Office of the President Concerning Mr. Rosenzweig, the Removal, the Rosenzweig Writings, or the Winters Posts, from September 1 through October 31, 2025, including messages sent through Signal, WhatsApp, iMessage, text message, or X direct message, and messages sent or received on a personal device or account, and Documents showing whether the President directed or authorized the Removal.

**REQUEST FOR PRODUCTION NO. 13: Official social-media accounts**

For each official DOJ social-media account tagged in the Winters Posts, including but not limited to those of DOJ, the Attorney General, the Deputy Attorney General, Edward Martin, and any employee of the U.S. Attorney's Office for the Southern District of Florida:

(a) Documents sufficient to show who managed the account between September 1 and September 30, 2025; and

(b) the notifications, direct messages, and internal Communications Concerning the Winters Posts that the account received or generated from September 23 through September 30, 2025.

**REQUEST FOR PRODUCTION NO. 14: Documents considered**

Documents that Attorney General Bondi, or anyone who advised her or took part in the Removal, considered directly or indirectly in deciding on the Removal.

**REQUEST FOR PRODUCTION NO. 15: Reasons for the Removal**

Documents stating or reflecting any reason for the Removal, including any assessment of Mr. Rosenzweig's speech, political views, political affiliation, or job performance.

**REQUEST FOR PRODUCTION NO. 16: Law-enforcement purpose**

Documents on which DOJ relies to contend that any record of the Rosenzweig Writings was pertinent to and within the scope of an authorized law enforcement activity.

**REQUEST FOR PRODUCTION NO. 17: Authority for the Removal**

Documents sufficient to show the legal authority on which DOJ relied for the Removal, including any delegation to the Attorney General of the President's purported Article II removal authority.

**REQUEST FOR PRODUCTION NO. 18: Removal procedures considered**

Documents showing whether, before the Removal, anyone at DOJ considered giving Mr. Rosenzweig notice and an opportunity to respond, following the procedures of 5 U.S.C. § 7513, or removing him under 28 U.S.C. § 542.

**REQUEST FOR PRODUCTION NO. 19: Ratification**

Any Document by which an official approved, ratified, affirmed, or adopted the Removal after September 23, 2025, with its drafts and the Communications Concerning it.

**REQUEST FOR PRODUCTION NO. 20: *Kochen* Case defendants and their counsel**

Communications between any DOJ employee and any defendant in the *Kochen* Case, or counsel for any of them, Concerning Mr. Rosenzweig, the Rosenzweig Writings, the Winters Posts, either Commentator, or the Removal, from September 1, 2025 through January 31, 2026, including any communications which relate to U.S. Attorney Reding Quiñones's statement that the Kochen defendants and/or their attorneys "forced' the government's hand" in firing Mr. Rosenzweig.

**REQUEST FOR PRODUCTION NO. 21: Lists and reviews**

Documents Concerning any list, review, or compilation, created from January 20 through September 30, 2025, that named Mr. Rosenzweig as a candidate for removal or review because of his speech, political views, or prior work.

**REQUEST FOR PRODUCTION NO. 22: Article II removal procedure**

Documents sufficient to show any policy, procedure, template, or approval process DOJ used from January 20 through September 23, 2025, to remove career employees under "Article II of the United States Constitution and the laws of the United States."

**REQUEST FOR PRODUCTION NO. 23: Termination directives**

The memorandum quoted in paragraph 86 of the Complaint stating that DOJ would not "tolerate subversive personnel actions by the previous Administration," the January 27, 2025 termination notices quoted in that paragraph, and the drafts of each.

**REQUEST FOR PRODUCTION NO. 24: Weaponization Working Group**

Documents sufficient to show the mandate, membership, and directives of DOJ's Weaponization Working Group, and any report or directive of that group, from February 5 through September 23, 2025, Concerning the removal or review of career DOJ employees.

**REQUEST FOR PRODUCTION NO. 25: Identifying employees by speech or political views**

Documents Concerning any effort, from January 20 through September 23, 2025, to identify DOJ employees by their political views, social-media activity, or criticism of the President, including any program, tool, or practice for monitoring or collecting employees' social-media posts or online writings.

**REQUEST FOR PRODUCTION NO. 26: Personnel records**

The following records Concerning Mr. Rosenzweig from when he first applied to the DOJ to the present:

(a) his official personnel folder, including each SF-50 and any entry made after the Removal;

(b) Documents showing his appointment authority, his tenure group, and the completion of his trial period;

(c) his performance appraisals and award records;

(d) any background, suitability, or security file; and

(e) the application materials he submitted to DOJ.

**REQUEST FOR PRODUCTION NO. 27: Removal protections**

Documents given to Mr. Rosenzweig, or to Assistant United States Attorneys in the Southern District of Florida generally, from September 1, 2019 through September 23, 2025, that

describe the grounds or procedures for removing an Assistant United States Attorney who has completed a trial period.

**REQUEST FOR PRODUCTION NO. 28: Nondiscrimination policies**

DOJ's equal employment opportunity, nondiscrimination, and political-activity policies and guidance in effect at any time from January 20, 2025 to the date of Your response, including the policy described in 28 C.F.R. § 42.1(a), the Equal Employment Opportunity Policy dated December 31, 2025 and such policy in place on September 23, 2025, and the Justice Management Division's guidance on employees' political activities.

**REQUEST FOR PRODUCTION NO. 29: Training on political considerations in hiring and personnel actions**

Training materials, guidance, and presentations used from June 2008 to the date of Your response that discuss the June 2008 report of DOJ's Office of the Inspector General and Office of Professional Responsibility on politicized hiring in the Honors Program and Summer Law Intern Program, the decision in *Gerlich v. U.S. Department of Justice*, or the use of political affiliation or protected expression in personnel decisions about career employees, and Documents sufficient to show which DOJ Officials received that training.

**REQUEST FOR PRODUCTION NO. 30: Privacy Act guidance**

DOJ's Privacy Act training materials and guidance in effect at any time in 2025 that address 5 U.S.C. § 552a(e)(7), including the Office of Privacy and Civil Liberties' "Overview of the Privacy Act of 1974."

**REQUEST FOR PRODUCTION NO. 31: MSPB appeal**

Documents You filed or served in Mr. Rosenzweig's appeal to the Merit Systems Protection Board, and Documents sufficient to show the position DOJ has taken before that Board on its jurisdiction over removals under Article II.

**REQUEST FOR PRODUCTION NO. 32: Preservation**

Litigation hold notices and other preservation instructions Concerning Mr. Rosenzweig, the Removal, his appeal to the Merit Systems Protection Board, or this action, including any that cover personal devices, personal accounts, or messaging applications, with the date of each and a list of its recipients.

**REQUEST FOR PRODUCTION NO. 33: Messaging applications and personal accounts**

Documents sufficient to show, for each DOJ Official and each other person who took part in the Removal:

(a) each messaging application, personal device, and personal account the person used to communicate about Mr. Rosenzweig or the Removal from September 23 through September 30, 2025;

(b) any disappearing-message or automatic-deletion setting in effect on those applications during that period; and

(c) the DOJ policies then in effect on using those applications, devices, and accounts for official business and on preserving their messages.

**REQUEST FOR PRODUCTION NO. 34: Pay and benefits**

Documents sufficient to show Mr. Rosenzweig's salary, benefits, leave balances, and retirement service credit as of September 23, 2025.

**REQUEST FOR PRODUCTION NO. 35:** Documents You intend to use at any hearing or trial in this case.

**REQUEST FOR PRODUCTION NO. 36:** Documents identified in Your initial disclosures.

**REQUEST FOR PRODUCTION NO. 37:** Documents referred to in Your answer or other pleadings, or that You relied on to answer any interrogatories served with these requests.

**REQUEST FOR PRODUCTION NO. 38:** Documents You obtain from any non-party, by subpoena or otherwise, Concerning the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 39:** Statements, declarations, or affidavits of any witness Concerning the claims or defenses in this case.

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: */s/ Daniel Fridman*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

## APPENDIX A: LOAD FILE SPECIFICATIONS

1. **Load files.** Every volume includes a data file (.DAT) and an Opticon image file (.OPT). The .DAT is UTF-8, with field names in the first line, ¶ (U+00B6) between fields, þ (U+00FE) around values, and ® (U+00AE) for line breaks within a field. The .OPT is in the same sort order, marks the first page of each document, and gives image paths relative to the volume folder, as do the native and text links in the .DAT. The format is for import into Logikcull.

2. **Images.** Except for files produced natively, single-page, black-and-white Group IV TIFF images at 300 dpi, with color JPG images where color is needed to understand the document. Images show tracked changes, comments, speaker notes, and hidden rows, columns, and sheets.

3. **Bates numbers.** One prefix and fixed-width numbering for the whole case, never reused, on every page with any confidentiality label. Volumes are named in sequence.

4. **Native files.** Spreadsheets, presentations, audio, video, and any file that cannot be imaged legibly, in native format, each with a single-page placeholder image bearing its Bates number and the words "Produced in Native Format."

5. **Text.** One UTF-8 text file per document, named by its beginning Bates number, containing extracted text, or OCR text for documents without extractable text and for redacted documents.

6. **Families and custodians.** Parent-child relationships, such as emails and their attachments, kept intact, with embedded files extracted as attachments where reasonably practicable, and families produced together under consecutive Bates numbers. A family member withheld as privileged is replaced by a Bates-numbered placeholder that matches its privilege log entry. Family and custodian fields are populated in the original production, not added later by overlay. Each custodian name is unique, under 50 characters, and uses only letters, numbers, spaces, commas, periods, underscores, hyphens, straight double quotes, and parentheses. Multiple custodians are separated by semicolons.

7. **Deduplication.** Deduplication across custodians by MD5 hash, at the family level only, and only if the AllCustodians field lists every custodian who held a removed duplicate.

8. **Messages.** Text, chat, and collaboration messages in Relativity Short Message Format (RSMF), each with its own .DAT entry and with images, native files, and text, keeping each conversation with its participants, timestamps, reactions, edits, and attachments.

9. **Time zone.** Dates and times converted to Coordinated Universal Time (UTC), with the TimeZone field stating the original time zone, or that it is unknown.

10. **Redactions.** Redacted documents produced as images with OCR text. A file that must be redacted but cannot be imaged legibly is produced in redacted native form. Redacted information is removed from every version produced, including text, metadata, and hidden content, and no unredacted native of a redacted document is produced. Each redacted document is marked in the Redacted field.

11. **Exceptions.** Encrypted, corrupt, or unprocessable files are identified by Bates number with the reason. Passwords for produced files are sent separately.

12. **Paper.** Paper documents scanned to images, split into logical documents, with OCR text.

13. **Delivery.** Each volume as a single .zip file, not password-protected or split into parts, no larger than 50 GB, containing DATA, IMAGES, NATIVES, and TEXT folders, delivered by secure file transfer with a cover letter stating the Bates range.

Include these fields in the .DAT file, plus any other existing, nonprivileged metadata. Dates are MM/DD/YYYY and times are 24-hour HH:MM:SS, in separate fields.

| **Field** | **Contents** |
|---|---|
| BegBates | First Bates number of the document |
| EndBates | Last Bates number of the document |
| BegAttach | First Bates number of the family |
| EndAttach | Last Bates number of the family |
| Custodian | Person or source the document was collected from |
| AllCustodians | Every custodian who held the document or a duplicate |
| From | Sender |
| To | Recipients |
| CC | Copy recipients |
| BCC | Blind copy recipients |
| Subject | Email subject line |
| DateSent | Date sent |
| TimeSent | Time sent |
| DateReceived | Date received |
| TimeReceived | Time received |
| MessageID | Email message identifier |
| ThreadID | Email or message conversation identifier |
| FileName | Original file name |
| FileExtension | Original file extension |
| FilePath | Original folder path or location |
| Author | Author from file properties |
| DateCreated | Date the file was created |
| DateLastModified | Date the file was last modified |
| MD5Hash | MD5 hash value |
| NativeLink | Path to the native file in the production |
| TextLink | Path to the text file in the production |
| Confidentiality | Confidentiality designation, if any |
| Redacted | Yes or No |
| TimeZone | Original time zone, or “Unknown” |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST REQUEST FOR PRODUCTION**
**TO DEFENDANT OFFICE OF PERSONNEL MANAGEMENT**

Under Federal Rule of Civil Procedure 34, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant OFFICE OF PERSONNEL MANAGEMENT ("OPM") to produce the documents described below within 30 days after service of this request. Produce them electronically to FRIDMAN FELS & SOTO, PLLC, or at its office at 150 Alhambra Circle, Suite 715, Coral Gables, Florida 33134. The definitions and instructions below apply.

**DEFINITIONS**

1. "You" and "Your" mean OPM and anyone acting on OPM's behalf.

2. "Document" has the full meaning of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored,

including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. "Communication" means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. "AI Material" means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. "Concerning" means relating to, referring to, reflecting, or constituting.

6. "Person" means any individual or entity.

7. A request for a message includes the surrounding messages needed to understand it, including available replies, reactions, edits, attachments, and files shared as links.

8. "Relevant Period" means September 1, 2025 through the date of Your response.

9. "Removal" means the termination of Mr. Rosenzweig's employment as an Assistant United States Attorney on September 23, 2025.

## INSTRUCTIONS

1. Unless a request says otherwise, it concerns events during the Relevant Period, including responsive Documents created before or after that period.

2. Produce responsive Documents in OPM's possession, custody, or control, including Documents OPM has the legal right to obtain on demand, such as those held by its agents or affiliates or stored in its cloud and AI tool accounts.

3. Complete production by the time requested or another reasonable time stated in Your written response. If production will continue after Your response, state a definite completion date (Fed. R. Civ. P. 34(b)(2)(B)).

4. Produce Documents as they are kept in the usual course of business, or organized and labeled to match the requests (Fed. R. Civ. P. 34(b)(2)(E)(i)). If You do not produce them as they are kept in the usual course of business, identify the request each Document answers where practicable, and in either case explain generally how Your records are kept (S.D. Fla. L.R. 26.1(e)(5)).

5. State each objection with specificity, and say whether You are withholding anything because of it (Fed. R. Civ. P. 34(b)(2)(B)–(C); S.D. Fla. L.R. 26.1(e)(2)(A)). If You object to part of a request, say which part and produce the rest (Fed. R. Civ. P. 34(b)(2)(C)).

6. If You withhold anything as privileged or work product, serve a privilege log as Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D) require.

7. When You have produced, or made available, the last Documents You are not withholding under an objection, serve a Notice of Completion of Production (S.D. Fla. L.R. 26.1(e)(7)).

8. Supplement Your production as Federal Rule of Civil Procedure 26(e) requires.

## **FORM OF PRODUCTION**

Under Federal Rule of Civil Procedure 34(b)(1)(C), and unless a governing ESI order or agreement provides otherwise, produce electronically stored information in the form described in

Appendix A, with a .DAT and .OPT load file for every volume. Produce each item with all existing, nonprivileged metadata, linked to that item, without stripping or changing it except as Appendix A provides. Produce messages with their metadata and their existing connections to replies, reactions, edits, attachments, and linked files intact. If Appendix A conflicts with this paragraph, Appendix A controls.

Contact Daniel Fridman at daniel.fridman@ffslawfirm.com with any questions about Appendix A. If You object to this form of production, state the form You intend to use (Fed. R. Civ. P. 34(b)(2)(D)).

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1: SF-50**

The SF-50 recording the Removal, each draft or version of it, and Documents showing who requested, prepared, and approved it and the basis for its "ART II CONSTITUTION" legal-authority entry.

**REQUEST FOR PRODUCTION NO. 2: Communications with DOJ**

Communications between OPM and DOJ Concerning Mr. Rosenzweig or the Removal, from September 1, 2025 to the date of Your response.

**REQUEST FOR PRODUCTION NO. 3: Processing Article II removals**

Documents sufficient to show any OPM guidance, legal-authority code, nature-of-action code, or instruction, in effect at any time in 2025, for processing removals that cite "Article II."

**REQUEST FOR PRODUCTION NO. 4: Personnel and retirement records**

The personnel and retirement records OPM maintains for Mr. Rosenzweig, including his electronic official personnel folder and his Federal Employees Retirement System service record.

**REQUEST FOR PRODUCTION NO. 5: Ending pay and access**

Documents showing what OPM did, and when, to end Mr. Rosenzweig's pay, benefits, or access to government systems after the Removal.

**REQUEST FOR PRODUCTION NO. 6:** Documents You intend to use at any hearing or trial in this case.

**REQUEST FOR PRODUCTION NO. 7:** Documents identified in Your initial disclosures.

**REQUEST FOR PRODUCTION NO. 8:** Documents referred to in Your answer or other pleadings, or that You relied on to answer any interrogatories served with these requests.

**REQUEST FOR PRODUCTION NO. 9:** Documents You obtain from any non-party, by subpoena or otherwise, Concerning the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 10:** Statements, declarations, or affidavits of any witness Concerning the claims or defenses in this case.

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: /s/ Daniel Fridman
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

## SERVICE LIST

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

## APPENDIX A: LOAD FILE SPECIFICATIONS

1. **Load files.** Every volume includes a data file (.DAT) and an Opticon image file (.OPT). The .DAT is UTF-8, with field names in the first line, ¶ (U+00B6) between fields, þ (U+00FE) around values, and ® (U+00AE) for line breaks within a field. The .OPT is in the same sort order, marks the first page of each document, and gives image paths relative to the volume folder, as do the native and text links in the .DAT. The format is for import into Logikcull.

2. **Images.** Except for files produced natively, single-page, black-and-white Group IV TIFF images at 300 dpi, with color JPG images where color is needed to understand the document. Images show tracked changes, comments, speaker notes, and hidden rows, columns, and sheets.

3. **Bates numbers.** One prefix and fixed-width numbering for the whole case, never reused, on every page with any confidentiality label. Volumes are named in sequence.

4. **Native files.** Spreadsheets, presentations, audio, video, and any file that cannot be imaged legibly, in native format, each with a single-page placeholder image bearing its Bates number and the words "Produced in Native Format."

5. **Text.** One UTF-8 text file per document, named by its beginning Bates number, containing extracted text, or OCR text for documents without extractable text and for redacted documents.

6. **Families and custodians.** Parent-child relationships, such as emails and their attachments, kept intact, with embedded files extracted as attachments where reasonably practicable, and families produced together under consecutive Bates numbers. A family member withheld as privileged is replaced by a Bates-numbered placeholder that matches its privilege log entry. Family and custodian fields are populated in the original production, not added later by overlay. Each custodian name is unique, under 50 characters, and uses only letters, numbers, spaces, commas, periods, underscores, hyphens, straight double quotes, and parentheses. Multiple custodians are separated by semicolons.

7. **Deduplication.** Deduplication across custodians by MD5 hash, at the family level only, and only if the AllCustodians field lists every custodian who held a removed duplicate.

8. **Messages.** Text, chat, and collaboration messages in Relativity Short Message Format (RSMF), each with its own .DAT entry and with images, native files, and text, keeping each conversation with its participants, timestamps, reactions, edits, and attachments.

9. **Time zone.** Dates and times converted to Coordinated Universal Time (UTC), with the TimeZone field stating the original time zone, or that it is unknown.

10. **Redactions.** Redacted documents produced as images with OCR text. A file that must be redacted but cannot be imaged legibly is produced in redacted native form. Redacted information is removed from every version produced, including text, metadata, and hidden content, and no unredacted native of a redacted document is produced. Each redacted document is marked in the Redacted field.

11. **Exceptions.** Encrypted, corrupt, or unprocessable files are identified by Bates number with the reason. Passwords for produced files are sent separately.

12. **Paper.** Paper documents scanned to images, split into logical documents, with OCR text.

13. **Delivery.** Each volume as a single .zip file, not password-protected or split into parts, no larger than 50 GB, containing DATA, IMAGES, NATIVES, and TEXT folders, delivered by secure file transfer with a cover letter stating the Bates range.

Include these fields in the .DAT file, plus any other existing, nonprivileged metadata. Dates are MM/DD/YYYY and times are 24-hour HH:MM:SS, in separate fields.

| Field | Contents |
|---|---|
| BegBates | First Bates number of the document |
| EndBates | Last Bates number of the document |
| BegAttach | First Bates number of the family |
| EndAttach | Last Bates number of the family |
| Custodian | Person or source the document was collected from |
| AllCustodians | Every custodian who held the document or a duplicate |
| From | Sender |
| To | Recipients |
| CC | Copy recipients |
| BCC | Blind copy recipients |
| Subject | Email subject line |
| DateSent | Date sent |
| TimeSent | Time sent |
| DateReceived | Date received |
| TimeReceived | Time received |
| MessageID | Email message identifier |
| ThreadID | Email or message conversation identifier |
| FileName | Original file name |
| FileExtension | Original file extension |
| FilePath | Original folder path or location |
| Author | Author from file properties |
| DateCreated | Date the file was created |
| DateLastModified | Date the file was last modified |
| MD5Hash | MD5 hash value |
| NativeLink | Path to the native file in the production |
| TextLink | Path to the text file in the production |
| Confidentiality | Confidentiality designation, if any |
| Redacted | Yes or No |
| TimeZone | Original time zone, or “Unknown” |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Acting Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT JASON A. REDING QUIÑONES, IN HIS OFFICIAL CAPACITY AS UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF FLORIDA**

Under Federal Rule of Civil Procedure 34, Plaintiff WILL ROSENZWEIG ("Mr. Rosenzweig") asks Defendant JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida ("the U.S. Attorney") to produce the documents described below within 30 days after service of this request. Produce them electronically to FRIDMAN FELS & SOTO, PLLC, or at its office at 150 Alhambra Circle, Suite 715, Coral Gables, Florida 33134. The definitions and instructions below apply.

## DEFINITIONS

1. "You" and "Your" mean the U.S. Attorney and anyone acting on the U.S. Attorney's behalf, including the United States Attorney's Office for the Southern District of Florida (the "U.S. Attorney's Office").

2. "Document" has the full meaning of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. "Communication" means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. "AI Material" means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. "Concerning" means relating to, referring to, reflecting, or constituting.

6. "Person" means any individual or entity.

7. A request for a message includes the surrounding messages needed to understand it, including available replies, reactions, edits, attachments, and files shared as links.

8. "Relevant Period" means September 1, 2025 through the date of Your response.

9. "Removal" means the termination of Mr. Rosenzweig's employment as an Assistant United States Attorney on September 23, 2025.

10. "Rosenzweig Writings" means the blog "Hosts of Error" that Mr. Rosenzweig published from 2016 to about January 2019, and his August 29, 2016 opinion piece in The Hill.

11. "Winters Posts" means the posts and replies Natalie Winters published on X about Mr. Rosenzweig from September 23 through September 30, 2025, including those since deleted.

12. "Kochen Case" means *United States v. Kochen*, No. 1:24-cr-20078-DPG (S.D. Fla.).

13. "January 2026 Meeting" means the meeting of U.S. Attorney's Office personnel described in the January 15, 2026 article cited in paragraph 80 of the Complaint.

**INSTRUCTIONS**

1. Unless a request says otherwise, it concerns events during the Relevant Period, including responsive Documents created before or after that period.

2. Produce responsive Documents in the U.S. Attorney's possession, custody, or control, including Documents the U.S. Attorney has the legal right to obtain on demand, such as those held by its agents or affiliates or stored in its cloud and AI tool accounts.

3. Complete production by the time requested or another reasonable time stated in Your written response. If production will continue after Your response, state a definite completion date (Fed. R. Civ. P. 34(b)(2)(B)).

4. Produce Documents as they are kept in the usual course of business, or organized and labeled to match the requests (Fed. R. Civ. P. 34(b)(2)(E)(i)). If You do not produce them as they are kept in the usual course of business, identify the request each Document answers where

practicable, and in either case explain generally how Your records are kept (S.D. Fla. L.R. 26.1(e)(5)).

5. State each objection with specificity, and say whether You are withholding anything because of it (Fed. R. Civ. P. 34(b)(2)(B)–(C); S.D. Fla. L.R. 26.1(e)(2)(A)). If You object to part of a request, say which part and produce the rest (Fed. R. Civ. P. 34(b)(2)(C)).

6. If You withhold anything as privileged or work product, serve a privilege log as Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. Local Rule 26.1(e)(2)(B)–(D) require.

7. When You have produced, or made available, the last Documents You are not withholding under an objection, serve a Notice of Completion of Production (S.D. Fla. L.R. 26.1(e)(7)).

8. Supplement Your production as Federal Rule of Civil Procedure 26(e) requires.

## FORM OF PRODUCTION

Under Federal Rule of Civil Procedure 34(b)(1)(C), and unless a governing ESI order or agreement provides otherwise, produce electronically stored information in the form described in Appendix A, with a .DAT and .OPT load file for every volume. Produce each item with all existing, nonprivileged metadata, linked to that item, without stripping or changing it except as Appendix A provides. Produce messages with their metadata and their existing connections to replies, reactions, edits, attachments, and linked files intact. If Appendix A conflicts with this paragraph, Appendix A controls.

Contact Daniel Fridman at daniel.fridman@ffslawfirm.com with any questions about Appendix A. If You object to this form of production, state the form You intend to use (Fed. R. Civ. P. 34(b)(2)(D)).

## CUSTODIANS

Search the files of at least these custodians, along with any others likely to have responsive Documents:

1. Jason A. Reding Quiñones, United States Attorney
2. Yara Klukas, First Assistant United States Attorney
3. Cynthia Hampton, Human Resources Officer
4. Mr. Rosenzweig's supervisors, including his co-counsel in the *Kochen* Case
5. The prosecutors who replaced Ms. Rosenzweig in the *Kochen* case following his removal
6. The Office's head of security
7. The Office's information-technology personnel who disabled Mr. Rosenzweig's access

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1: Requests to DOJ**

Documents responsive to Requests 1 through 39 of Mr. Rosenzweig's First Request for Production to DOJ, served with these requests, that are in Your possession, custody, or control. You need not produce again a Document that DOJ produces in response to those requests.

**REQUEST FOR PRODUCTION NO. 2: Office communications**

Communications among personnel of the U.S. Attorney's Office, including Mr. Rosenzweig's supervisors, Yara Klukas, and Cynthia Hampton, Concerning Mr. Rosenzweig, the Removal, the Rosenzweig Writings, or the Winters Posts, from September 1 through October 31, 2025, including messages sent through Signal, WhatsApp, iMessage, text message, or X direct message, and messages sent or received on a personal device or account.

**REQUEST FOR PRODUCTION NO. 3: Jason A. Reding Quiñones's personal devices and accounts**

Communications that Jason A. Reding Quiñones sent or received on a personal device or through a personal account, including Signal, WhatsApp, iMessage, text message, X, or personal email, Concerning Mr. Rosenzweig, the Removal, the Rosenzweig Writings, or the Winters Posts, from September 1 through October 31, 2025, and notifications or direct messages Concerning the Winters Posts received on any personal X account of his during that period.

**REQUEST FOR PRODUCTION NO. 4: Effect on the *Kochen* Case**

Communications Concerning the effect of the Removal on the *Kochen* Case trial schedule from September 23 through January 31, 2026.

**REQUEST FOR PRODUCTION NO. 5: January 2026 Meeting**

Documents Concerning the January 2026 Meeting, including notices, attendance records, recordings, notes, and slides, and Communications about statements made there Concerning Mr. Rosenzweig.

**REQUEST FOR PRODUCTION NO. 6: The "unearthed" statement**

Documents reflecting the basis for any statement by Jason A. Reding Quiñones or other personnel of the U.S. Attorney's Office that counsel for a defendant in the *Kochen* Case "unearthed" the Rosenzweig Writings or "forced" DOJ to remove Mr. Rosenzweig, including Communications with that counsel, as described in Paragraph 80 of the Complaint.

**REQUEST FOR PRODUCTION NO. 7: Reapplication and loyalty review**

Documents sufficient to show the criteria used in 2025 when supervisors in the U.S. Attorney's Office were required to reapply for their positions, including any criterion about

alignment with the administration's priorities, and any directive that career prosecutors identify, under penalty of perjury, colleagues with whom they had discussed office assignments.

**REQUEST FOR PRODUCTION NO. 8: Performance and recognition**

Documents sufficient to show Mr. Rosenzweig's performance ratings and awards, and the assignment of a parking space to him in August 2025.

**REQUEST FOR PRODUCTION NO. 9:** Documents You intend to use at any hearing or trial in this case.

**REQUEST FOR PRODUCTION NO. 10:** Documents identified in Your initial disclosures.

**REQUEST FOR PRODUCTION NO. 11:** Documents referred to in Your answer or other pleadings, or that You relied on to answer any interrogatories served with these requests.

**REQUEST FOR PRODUCTION NO. 12:** Documents You obtain from any non-party, by subpoena or otherwise, Concerning the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 13:** Statements, declarations, or affidavits of any witness Concerning the claims or defenses in this case.

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: */s/ Daniel Fridman*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida

Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

## APPENDIX A: LOAD FILE SPECIFICATIONS

1. **Load files.** Every volume includes a data file (.DAT) and an Opticon image file (.OPT). The .DAT is UTF-8, with field names in the first line, ¶ (U+00B6) between fields, þ (U+00FE) around values, and ® (U+00AE) for line breaks within a field. The .OPT is in the same sort order, marks the first page of each document, and gives image paths relative to the volume folder, as do the native and text links in the .DAT. The format is for import into Logikcull.

2. **Images.** Except for files produced natively, single-page, black-and-white Group IV TIFF images at 300 dpi, with color JPG images where color is needed to understand the document. Images show tracked changes, comments, speaker notes, and hidden rows, columns, and sheets.

3. **Bates numbers.** One prefix and fixed-width numbering for the whole case, never reused, on every page with any confidentiality label. Volumes are named in sequence.

4. **Native files.** Spreadsheets, presentations, audio, video, and any file that cannot be imaged legibly, in native format, each with a single-page placeholder image bearing its Bates number and the words "Produced in Native Format."

5. **Text.** One UTF-8 text file per document, named by its beginning Bates number, containing extracted text, or OCR text for documents without extractable text and for redacted documents.

6. **Families and custodians.** Parent-child relationships, such as emails and their attachments, kept intact, with embedded files extracted as attachments where reasonably practicable, and families produced together under consecutive Bates numbers. A family member withheld as privileged is replaced by a Bates-numbered placeholder that matches its privilege log entry. Family and custodian fields are populated in the original production, not added later by overlay. Each custodian name is unique, under 50 characters, and uses only letters, numbers, spaces, commas, periods, underscores, hyphens, straight double quotes, and parentheses. Multiple custodians are separated by semicolons.

7. **Deduplication.** Deduplication across custodians by MD5 hash, at the family level only, and only if the AllCustodians field lists every custodian who held a removed duplicate.

8. **Messages.** Text, chat, and collaboration messages in Relativity Short Message Format (RSMF), each with its own .DAT entry and with images, native files, and text, keeping each conversation with its participants, timestamps, reactions, edits, and attachments.

9. **Time zone.** Dates and times converted to Coordinated Universal Time (UTC), with the TimeZone field stating the original time zone, or that it is unknown.

10. **Redactions.** Redacted documents produced as images with OCR text. A file that must be redacted but cannot be imaged legibly is produced in redacted native form. Redacted information is removed from every version produced, including text, metadata, and hidden content, and no unredacted native of a redacted document is produced. Each redacted document is marked in the Redacted field.

11. **Exceptions.** Encrypted, corrupt, or unprocessable files are identified by Bates number with the reason. Passwords for produced files are sent separately.

12. **Paper.** Paper documents scanned to images, split into logical documents, with OCR text.

13. **Delivery.** Each volume as a single .zip file, not password-protected or split into parts, no larger than 50 GB, containing DATA, IMAGES, NATIVES, and TEXT folders, delivered by secure file transfer with a cover letter stating the Bates range.

Include these fields in the .DAT file, plus any other existing, nonprivileged metadata. Dates are MM/DD/YYYY and times are 24-hour HH:MM:SS, in separate fields.

| **Field** | **Contents** |
|---|---|
| BegBates | First Bates number of the document |
| EndBates | Last Bates number of the document |
| BegAttach | First Bates number of the family |
| EndAttach | Last Bates number of the family |
| Custodian | Person or source the document was collected from |
| AllCustodians | Every custodian who held the document or a duplicate |
| From | Sender |
| To | Recipients |
| CC | Copy recipients |
| BCC | Blind copy recipients |
| Subject | Email subject line |
| DateSent | Date sent |
| TimeSent | Time sent |
| DateReceived | Date received |
| TimeReceived | Time received |
| MessageID | Email message identifier |
| ThreadID | Email or message conversation identifier |
| FileName | Original file name |
| FileExtension | Original file extension |
| FilePath | Original folder path or location |
| Author | Author from file properties |
| DateCreated | Date the file was created |
| DateLastModified | Date the file was last modified |
| MD5Hash | MD5 hash value |
| NativeLink | Path to the native file in the production |
| TextLink | Path to the text file in the production |
| Confidentiality | Confidentiality designation, if any |
| Redacted | Yes or No |
| TimeZone | Original time zone, or “Unknown” |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

_______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S NOTICE OF TAKING**
**VIDEOTAPED DEPOSITION OF CYNTHIA HAMPTON**

Under Federal Rule of Civil Procedure 30, Plaintiff WILL ROSENZWEIG will take the deposition of CYNTHIA HAMPTON ("Ms. Hampton") by oral examination before a court reporter or other officer authorized to administer oaths, on the date and at the place stated below. The testimony will be recorded by stenographic and audiovisual means (Fed. R. Civ. P. 30(b)(3)(A)). The deposition is limited to one day of 7 hours unless the parties agree or the Court orders otherwise (Fed. R. Civ. P. 30(d)(1)).

| | |
|---|---|
| **Deponent** | CYNTHIA HAMPTON |
| **Date** | Friday, January 8, 2027 |
| **Time** | 9:30 a.m. Eastern Time |
| **Place** | Fridman Fels & Soto, PLLC<br>150 Alhambra Circle, Suite 715<br>Coral Gables, Florida 33134 |

| | |
|---|---|
| **Court reporter** | Fernandez & Associates Court Reporters<br>Tel: 305-374-8868<br>Email: service@fernandezCR.com |
| **Videographer** | George Thomas<br>Video Court Reporting, Inc<br>Tel: 305-342-7299 |

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: */s/ Daniel Fridman*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

## SERVICE LIST

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida
Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

________________________________________/

**PLAINTIFF WILL ROSENZWEIG'S NOTICE OF TAKING VIDEOTAPED DEPOSITION OF HAYDEN O'BYRNE**

Under Federal Rule of Civil Procedure 30, Plaintiff WILL ROSENZWEIG will take the deposition of HAYDEN O'BYRNE ("Mr. O'Byrne") by oral examination before a court reporter or other officer authorized to administer oaths, on the date and at the place stated below. The testimony will be recorded by stenographic and audiovisual means (Fed. R. Civ. P. 30(b)(3)(A)). The deposition is limited to one day of 7 hours unless the parties agree or the Court orders otherwise (Fed. R. Civ. P. 30(d)(1)).

| | |
|---|---|
| **Deponent** | HAYDEN O'BYRNE |
| **Date** | Wednesday, January 6, 2027 |
| **Time** | 9:30 a.m. Eastern Time |
| **Place** | Fridman Fels & Soto, PLLC<br>150 Alhambra Circle, Suite 715<br>Coral Gables, Florida 33134 |

| | |
|---|---|
| **Court reporter** | Fernandez & Associates Court Reporters<br>Tel: 305-374-8868<br>Email: service@fernandezCR.com |
| **Videographer** | George Thomas<br>Video Court Reporting, Inc<br>Tel: 305-342-7299 |

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: *<u>/s/ Daniel Fridman</u>*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

## SERVICE LIST

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida
Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S NOTICE OF TAKING VIDEOTAPED RULE 30(b)(6) DEPOSITION OF OFFICE OF PERSONNEL MANAGEMENT**

Under Federal Rule of Civil Procedure 30, Plaintiff WILL ROSENZWEIG will take the deposition of Defendant OFFICE OF PERSONNEL MANAGEMENT ("OPM") by oral examination before a court reporter or other officer authorized to administer oaths, on the date and at the place stated below. The testimony will be recorded by stenographic and audiovisual means (Fed. R. Civ. P. 30(b)(3)(A)). The deposition is limited to one day of 7 hours unless the parties agree or the Court orders otherwise (Fed. R. Civ. P. 30(d)(1)).

| | |
|---|---|
| **Deponent** | OFFICE OF PERSONNEL MANAGEMENT, through the persons it designates under Rule 30(b)(6) |
| **Date** | Tuesday, January 12, 2027 |
| **Time** | 9:30 a.m. Eastern Time |
| **Place** | Fridman Fels & Soto, PLLC<br>150 Alhambra Circle, Suite 715<br>Coral Gables, Florida 33134 |

| | |
|---|---|
| **Court reporter** | Fernandez & Associates Court Reporters<br>Tel: 305-374-8868<br>Email: service@fernandezCR.com |
| **Videographer** | George Thomas<br>Video Court Reporting, Inc<br>Tel: 305-342-7299 |

Under Federal Rule of Civil Procedure 30(b)(6), OPM must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify about information known or reasonably available to OPM on the matters for examination in Schedule A. We ask OPM to identify each designee, and the matters each will address, before the deposition.

Rule 30(b)(6) requires Mr. Rosenzweig and OPM to confer in good faith about the matters for examination before or promptly after the notice or subpoena is served. Please contact Daniel Fridman at daniel.fridman@ffslawfirm.com to confer.

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: */s/ Daniel Fridman*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

## SERVICE LIST

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida
Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**SCHEDULE A**
**MATTERS FOR EXAMINATION**

## DEFINITIONS

1. “You” and “Your” mean OPM and anyone acting on OPM’s behalf.

2. “Document” has the full meaning of “documents or electronically stored information” in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. “Communication” means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. “AI Material” means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. “Concerning” means relating to, referring to, reflecting, or constituting.

6. “Person” means any individual or entity.

7. A request for a message includes the surrounding messages needed to understand it, including available replies, reactions, edits, attachments, and files shared as links.

8. “Relevant Period” means September 1, 2025 through the date of Your response.

9. “Removal” means the termination of Mr. Rosenzweig’s employment as an Assistant United States Attorney on September 23, 2025.

## MATTERS FOR EXAMINATION

1. OPM’s role, if any, in the Removal, including any Communication with the Department of Justice about it.

2. The SF-50 recording the Removal, including who prepared it and the source of the legal authority and remarks it states.

3. OPM’s guidance to agencies, from January 20, 2025 to the present, on processing removals that cite Article II of the Constitution as the legal authority.

4. How OPM recorded and processed the Removal in Mr. Rosenzweig's personnel and retirement records.

5. OPM's steps to preserve Documents and Communications about Mr. Rosenzweig or the Removal.

6. The sources OPM searched, and the methods it used, to respond to Mr. Rosenzweig's First Request for Production.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

_______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S NOTICE OF TAKING**
**VIDEOTAPED DEPOSITION OF JASON A. REDING QUIÑONES**

Under Federal Rule of Civil Procedure 30, Plaintiff WILL ROSENZWEIG will take the deposition of Defendant JASON A. REDING QUIÑONES ("Mr. Reding Quiñones") by oral examination before a court reporter or other officer authorized to administer oaths, on the date and at the place stated below. The testimony will be recorded by stenographic and audiovisual means (Fed. R. Civ. P. 30(b)(3)(A)). The deposition is limited to one day of 7 hours unless the parties agree or the Court orders otherwise (Fed. R. Civ. P. 30(d)(1)).

| | |
|---|---|
| **Deponent** | JASON A. REDING QUIÑONES |
| **Date** | Wednesday, January 13, 2027 |
| **Time** | 9:30 a.m. Eastern Time |
| **Place** | Fridman Fels & Soto, PLLC<br>150 Alhambra Circle, Suite 715<br>Coral Gables, Florida 33134 |

| | |
|---|---|
| **Court Reporter** | Fernandez & Associates Court Reporters<br>Tel: 305-374-8868<br>Email: service@fernandezCR.com |
| **Videographer** | George Thomas<br>Video Court Reporting, Inc<br>Tel: 305-342-7299 |

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: */s/ Daniel Fridman*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida
Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

________________________________________/

**PLAINTIFF WILL ROSENZWEIG'S NOTICE OF TAKING VIDEOTAPED RULE 30(b)(6) DEPOSITION OF UNITED STATES DEPARTMENT OF JUSTICE**

Under Federal Rule of Civil Procedure 30, Plaintiff WILL ROSENZWEIG will take the deposition of Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") by oral examination before a court reporter or other officer authorized to administer oaths, on the date and at the place stated below. The testimony will be recorded by stenographic and audiovisual means (Fed. R. Civ. P. 30(b)(3)(A)). The deposition is limited to one day of 7 hours unless the parties agree or the Court orders otherwise (Fed. R. Civ. P. 30(d)(1)).

| | |
|---|---|
| **Deponent** | UNITED STATES DEPARTMENT OF JUSTICE, through the persons it designates under Rule 30(b)(6) |
| **Date** | Monday, January 11, 2027 |
| **Time** | 9:30 a.m. Eastern Time |

| | |
|---|---|
| **Place** | Fridman Fels & Soto, PLLC<br>150 Alhambra Circle, Suite 715<br>Coral Gables, Florida 33134 |
| **Court reporter** | Fernandez & Associates Court Reporters<br>Tel: 305-374-8868<br>Email: service@fernandezCR.com |
| **Videographer** | George Thomas<br>Video Court Reporting, Inc<br>Tel: 305-342-7299 |

Under Federal Rule of Civil Procedure 30(b)(6), DOJ must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify about information known or reasonably available to DOJ on the matters for examination in Schedule A. We ask DOJ to identify each designee, and the matters each will address, before the deposition.

Rule 30(b)(6) requires Mr. Rosenzweig and DOJ to confer in good faith about the matters for examination before or promptly after the notice or subpoena is served. Please contact Daniel Fridman at daniel.fridman@ffslawfirm.com to confer.

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: */s/ Daniel Fridman*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida
Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**SCHEDULE A**
**MATTERS FOR EXAMINATION**

**DEFINITIONS**

1. "You" and "Your" mean DOJ and anyone acting on DOJ's behalf, including its components, such as the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Pardon Attorney, the Justice Management Division, the Executive Office for United States Attorneys, and the United States Attorney's Office for the Southern District of Florida.

2. "Document" has the full meaning of "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), in any form and wherever stored, including on personal phones, computers, and accounts used for business. It includes paper records, AI Material, drafts, and existing records of Communications, such as messages, recordings, transcripts, and notes.

3. "Communication" means any exchange of information, oral, written, or electronic. It includes in-person conversations, phone and video calls, email, texts and iMessages, social media messages, and voicemail. It includes messages on apps such as WhatsApp, Signal, and Telegram, disappearing messages included, and on workplace chat tools such as Slack, Microsoft Teams, and Google Chat. It also includes recordings, transcripts, and AI-generated notes or summaries of calls and meetings.

4. "AI Material" means what You gave to any artificial intelligence tool (such as ChatGPT, Claude, Gemini, or Microsoft Copilot), including prompts, questions, instructions, and uploaded files. It also means what the tool produced in response, and the related chat history and logs.

5. "Concerning" means relating to, referring to, reflecting, or constituting.

6. "Person" means any individual or entity.

7. A request for a message includes the surrounding messages needed to understand it, including available replies, reactions, edits, attachments, and files shared as links.

8. "Relevant Period" means September 1, 2025 through the date of Your response.

9. "Removal" means the termination of Mr. Rosenzweig's employment as an Assistant United States Attorney on September 23, 2025.

10. "Removal Memorandum" means the memorandum titled "AG Memo – Rosenzweig Removal," dated September 23, 2025, and signed by then-Attorney General Pamela Bondi.

11. "Removal Email" means the September 23, 2025 email from F. Michael Sena that sent the Removal Memorandum to Mr. Rosenzweig.

12. "Rosenzweig Writings" means the blog "Hosts of Error" that Mr. Rosenzweig published from 2016 to about January 2019, and his August 29, 2016 opinion piece in The Hill.

13. "Winters Posts" means the posts and replies Natalie Winters published on X about Mr. Rosenzweig from September 23 through September 30, 2025, including those since deleted.

14. "Loomer Post" means the post Laura Loomer published on X at about 7:53 a.m. on September 24, 2025, about Mr. Rosenzweig's firing.

15. "Commentators" means Natalie Winters, Laura Loomer, and anyone acting for either of them.

16. "Kochen Case" means United States v. Kochen, No. 1:24-cr-20078-DPG (S.D. Fla.).

17. "DOJ Officials" means Edward Martin, Hayden O'Byrne, and each person who at any time during the Relevant Period served, including in an acting capacity, as Attorney General, Deputy Attorney General, Principal Associate Deputy Attorney General, chief of staff to the Attorney General or the Deputy Attorney General, Director or Deputy Director of the Executive Office for United States Attorneys, Assistant Attorney General for Administration, Director of Human Resources in the Justice Management Division, or United States Attorney or First Assistant United States Attorney for the Southern District of Florida.

## MATTERS FOR EXAMINATION

1. The identity of each person who took part in deciding on, drafting, approving, or carrying out the Removal, and the part each played.

2. The sequence of events from the first time any DOJ Official learned of the Rosenzweig Writings through the sending of the Removal Email.

3. How, when, and from whom each DOJ Official learned of the Rosenzweig Writings, the Winters Posts, or the Loomer Post.

4. The reasons for the Removal, including each fact DOJ contends supports it.

5. The drafting, review, signing, and sending of the Removal Memorandum and the Removal Email, including each draft.

6. The legal authority DOJ relied on for the Removal, including the authority stated on Mr. Rosenzweig's SF-50.

7. The removal procedures DOJ considered, followed, or decided not to follow for the Removal.

8. Communications between any DOJ Official and the Commentators about Mr. Rosenzweig, the Rosenzweig Writings, or the Removal.

9. Communications between DOJ and any defendant in the Kochen Case, or that defendant's counsel, about Mr. Rosenzweig or the Rosenzweig Writings.

10. Communications between DOJ and the Executive Office of the President about Mr. Rosenzweig or the Removal.

11. Each record DOJ collected, created, printed, or kept about the Rosenzweig Writings, the Winters Posts, or the Loomer Post, and where DOJ kept it.

12. Any internet search, browsing, or printing by a DOJ Official about Mr. Rosenzweig or the Rosenzweig Writings.

13. Any law-enforcement purpose DOJ contends it had for keeping records about the Rosenzweig Writings.

14. DOJ's guidance and training in effect during the Relevant Period on keeping records that describe how a person exercises First Amendment rights, including the Office of Privacy and Civil Liberties' "Overview of the Privacy Act of 1974."

15. How DOJ applied its nondiscrimination policies, including 28 C.F.R. § 42.1(a), and its guidance on employees' political activity in deciding on the Removal.

16. The ending of Mr. Rosenzweig's access to DOJ systems, devices, and facilities on and after September 23, 2025.

17. Mr. Rosenzweig's performance ratings, awards, and recognition as an Assistant United States Attorney.

18. Any role of the Weaponization Working Group in reviewing Mr. Rosenzweig or the Rosenzweig Writings.

19. The process DOJ used, from January 20, 2025 to the present, to remove career employees by letters citing Article II of the Constitution as the authority.

20. The use by any DOJ Official of a personal device, personal account, or messaging application such as Signal or WhatsApp to communicate about Mr. Rosenzweig or the Removal.

21. DOJ's steps to preserve Documents and Communications about Mr. Rosenzweig or the Removal, including each litigation hold and its recipients.

22. The sources DOJ searched, and the methods it used, to respond to Mr. Rosenzweig's First Request for Production.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S NOTICE OF TAKING VIDEOTAPED DEPOSITION OF YARA KLUKAS**

Under Federal Rule of Civil Procedure 30, Plaintiff WILL ROSENZWEIG will take the deposition of YARA KLUKAS ("Ms. Klukas") by oral examination before a court reporter or other officer authorized to administer oaths, on the date and at the place stated below. The testimony will be recorded by stenographic and audiovisual means (Fed. R. Civ. P. 30(b)(3)(A)). The deposition is limited to one day of 7 hours unless the parties agree or the Court orders otherwise (Fed. R. Civ. P. 30(d)(1)).

| | |
|---|---|
| **Deponent** | YARA KLUKAS |
| **Date** | Thursday, January 7, 2027 |
| **Time** | 9:30 a.m. Eastern Time |
| **Place** | Fridman Fels & Soto, PLLC<br>150 Alhambra Circle, Suite 715<br>Coral Gables, Florida 33134 |

| | |
|---|---|
| **Court reporter** | Fernandez & Associates Court Reporters<br>Tel: 305-374-8868<br>Email: service@fernandezCR.com |
| **Videographer** | George Thomas<br>Video Court Reporting, Inc<br>Tel: 305-342-7299 |

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: *<u>/s/ Daniel Fridman</u>*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (*admitted pro hac vice*)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
*Counsel for Defendants*

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida
Jonathan.weirich@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25321-MOORE/LETT**

**WILL ROSENZWEIG,**

**Plaintiff,**

**v.**

**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, JASON A. REDING QUIÑONES, in his official capacity as United States Attorney for the Southern District of Florida, and OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

______________________________________/

**PLAINTIFF WILL ROSENZWEIG'S NOTICE OF TAKING**
**VIDEOTAPED DEPOSITION OF ATTORNEY GENERAL TODD BLANCHE**

Under Federal Rule of Civil Procedure 30, Plaintiff WILL ROSENZWEIG will take the deposition of Defendant Attorney General TODD BLANCHE ("Mr. Blanche") by oral examination before a court reporter or other officer authorized to administer oaths, on the date and at the place stated below. The testimony will be recorded by stenographic and audiovisual means (Fed. R. Civ. P. 30(b)(3)(A)). The deposition is limited to one day of 7 hours unless the parties agree or the Court orders otherwise (Fed. R. Civ. P. 30(d)(1)).

| | |
|---|---|
| **Deponent** | TODD BLANCHE |
| **Date** | Thursday, January 14, 2027 |
| **Time** | 9:30 a.m. Eastern Time |

| | |
|---|---|
| **Place:** | Planet Depos – DC<br>1100 Connecticut Avenue, NW, Suite 950<br>Washington, DC 20036<br>Phone: 888.433.3767<br>Detail: Quick entry: 6469 |
| **Court Reporter and Videographer:** | Planet Depos – DC<br>1100 Connecticut Avenue, NW, Suite 950<br>Washington, DC 20036<br>Phone: 888.433.3767 |

Dated: November 6, 2026

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle, Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701

By: *<u>/s/ Daniel Fridman</u>*
Daniel Fridman
Florida Bar No. 176478
daniel.fridman@ffslawfirm.com

Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com

Margaret M. Donovan (admitted pro hac vice)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Telephone: (203) 336-4421
mdonovan@koskoff.com

*Counsel for Plaintiff WILL ROSENZWEIG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, I served the foregoing by email on all counsel of record at the email addresses they have designated for receipt of notices of electronic filing, as listed on the Service List below.

*/s/ Daniel Fridman*
Daniel Fridman

**SERVICE LIST**

Chad C. Spraker, Special Attorney
United States Attorney's Office, Middle District of Florida
chad.spraker@usdoj.gov
Counsel for Defendants

Jonathan M. Weirich, Special Attorney
United States Attorney's Office, Middle District of Florida
Jonathan.weirich@usdoj.gov
Counsel for Defendants